Simmons, Justice.
It appears from tbe record in this case that one Pritchard sued out a criminal warrant before a justice of the peace, against Broughton, charging him with larceny from the person, “ in that he wrongfully and fraudulently did take, steal and carry away from the person of the deponent $38.00, the deponent’s property.” Broughton was arrested under this charge, and carried before the magistrate, and gave a bond for $500 for his appearance at the city court of Savannah, Clark, the plaintiff in error, becoming his security on the bond. An indictment was found against Broughton, charging him with larceny from the person to the amount of $4.00. When the case was called for trial before the city court, Broughton failed to appear. A rule nisi was issued, calling on him and his surety to show cause why the bond should not be forfeited. Clark, the surety, demurred to the rule upon the following grounds :
(1) “ Because the said bond imposed no obligation upon said Broughton to appear as therein stipulated, nor did it impose any obligation upon said Clark to produce the body of said Broughton as therein stipulated.
(2) “ Because the bond was conditioned for the appearance of said Broughton at said November term of said court to answer for the offence of larceny from the person, without stating that the subject-matter of the alleged larceny from the person was under the value of $5<L00.
*615 (3) “ Because the bond disclosed no obligation upon said Broughton to answer or to appear for any offence within the jurisdiction of said court, nor any obligation upon said Clark, surety, to produce the body of said Broughton to answer for any offence within the jurisdiction of said court.
(4) “Because the bond was conditioned for the appearance of said Broughton to answer for an alleged offence of which, if committed, said court did not have jurisdiction, to wit, the offence of larceny from the person, the subject-matter of which exceeded in value $50.00.”
This demurrer was overruled, and Clark excepted-Clark then filed his answer, in which he set up, in substance, that being desirous of relief from further liability on the bond, he applied to the solicitor-general pro tem. for instruction as to what was necessary to he done by him for that purpose. The solicitor instructed him to tell the sheriff to arrest Broughton, and on being asked by Clark if it was his duty to arrest Broughton himself, the solicitor replied that it. was not, hut that it was the sheriff’s duty. Clark applied to the sheriff to make the arrest, hut the sheriff refused, saying it was Clark’s duty. At that time Broughton was in Savannah and could have been arrested. Clark then applied to a constable to make the arrest, but Broughton had fled. He claimed that he was released from the bond, because the solicitor-general had misinformed him. This answer was stricken by the court, and judgment rendered against Clark for the amount of the bond. Clark excepted thereto and brought the case here.
1. The demurrer filed by Clark to the rule nisi was properly overruled by the court. It is not necessary, in our opinion, when a magistrate takes a bail-bond of this kind, for the bond to recite whether the larceny *616 from the person is a misdemeanor or a felony. If it is a misdemeanor, the law requires the magistrate to make it returnable to the city court of Savannah; if a felony, it is to be returned to the superior court. Code, §4978. The magistrate is presumed to know the law under which he acts, and to return the bonds accordingly. Besides, the fact that the bond was returned to the city court implied jurisdiction.
Under the facts in this case, Clark, when he signed the bond, knew that the city court had jurisdiction of the offence; because the warrant under which his principal was arrested recited the amount stolen to be an amount under $50, to wit, $88, and the indictment alleges that the amount was $4. The warrant and the indictment both charging the amount to be under $50, the city court had jurisdiction of the offence. The trial judge therefore did right in overruling the demurrer in this ground.
2. There was no error in striking the answer of Clark.to the rule. If the solicitor-general gave him wrong advice as to its being the duty of the sheriff to arrest his principal, the State is not bound by it. "When he signed the bail-bond of his principal, the law placed the principal in his custody, and he could have arrested him and delivered him to the sheriff’ at any time, and it was his duty to do so if he wished to be relieved from liability upon the bond.
Judgment affirmed.