### PARKS *et al. v.* HARDWICK, Governor.

1. Where the principal in a misdemeanor criminal case and his sureties sign a recognizance and mail the same to the sheriff of the county where the indictment against the principal has been returned, or to his agent in another county, and where under the direction of the sheriff the bond, without having entered thereupon the approval and acceptance of the same, is returned to the sureties who reside in another county of this State, for the purpose of obtaining the affidavit of the sureties as to their financial responsibility, and such affidavit is made, and these papers are placed in the United States mail, addressed to the accused in the county where he is detained in jail, but before the arrival of the papers the principal escapes from jail, it cannot be said that the principal obtained his liberty by reason of the bond, there being no evidence of the acceptance and approval of the bond prior to the escape of the principal. It was error to hold that the trial judge was authorized to render a judgment of forfeiture absolute against the sureties on such bond.
2. The only assignment of error properly made in the petition for certiorari is dealt with in the preceding headnote and corresponding division of the opinion. The remainder of the petition for certiorari presents no question for decision of this court, because of failure to comply with rules with regard to petitions for certiorari to review judgments of the Court of Appeals.

No. 4019.   APRIL 18, 1924.

Certiorari; from Court of Appeals. ·30 *Ga. App.* 673.

The exception in this case is to a judgment of forfeiture absolute on a criminal recognizance in Stewart superior court against the sureties, W. W. Parks and R. C. Parks. The principal could not be served, and no judgment was rendered against him. The agreed statement of facts is as follows: "A bill was returned at the Oct. term, 1922, of said court, charging S. B. Parks with a misdemeanor, namely being a cheat and swindler. The defendant did not appear at said term of court, and his bond was forfeited, and nisi issued and was served on W. W. Parks and R. C. Parks, both of whom filed answer, of record. It is true that S. B. Parks was arrested in Miller County, Georgia, on a warrant issued there by other parties, and the sheriff of Miller County was advised by the sheriff of Stewart County to hold the defendant under arrest on the warrant upon which the foregoing indictment was based, and said warrant

was placed in the hands of the sheriff of Miller County while the defendant S. B. Parks was in the custody of said sheriff. On the 17th day of May, 1922, the defendant and the sureties on said bond signed the attached bond and delivered it to the sheriff of Miller County for the sheriff of Stewart County, and the sheriff of Miller County notified the sheriff of Stewart County that he had such bond, and the sheriff of Stewart County requested that the sureties qualify as to solvency, and the bond was returned to respondents for this purpose. This qualification was placed on the bond and signed and witnessed on May 31st, 1922, and mailed by R. C. Parks to S. B. Parks in care of the sheriff of Miller County, addressed to Colquitt, Ga. On that date and before this letter reached Colquitt the succeeding morning, the defendant S. B. Parks made his escape at night from jail, and is still at large and a fugitive. It is admitted that neither S. B. Parks, W. W. Parks, nor R. C. Parks now live or ever lived in or were residents of Stewart County, Georgia." The bond was signed by the principal and sureties, and attested as follows: "Signed, sealed, and acknowledged in the presence of L. D. McNard (SEAL), N. P. Barrow Co., Ga.," bearing date May 17, 1922. Then follows the affidavit of the sureties, dated May 31, 1922, sworn to before a notary public, to the effect that they are worth the amount of the bond over and above the exemption, and waiving the statutory provision for homestead. The Court of Appeals affirmed the judgment of the trial court. Petition for certiorari was granted by the Supreme Court.

*H. H. Chandler,* for plaintiffs in error.

*Jule Felton, solicitor-general,* contra.

GILBERT, J. 1. The only assignment of error on the judgment of the Court of Appeals is as follows: "Petitioners respectfully insist that the Court of Appeals erred in inferentially holding and deciding that the paper forfeited as a bond was a valid, legal, and binding bond and obligation, even though the same had never been delivered at the time the defendant, who appeared as principal on the bond, had voluntarily escaped from jail, and said bond had never been accepted and approved by the proper authorities authorized so to do." It is well settled that criminal recognizances must be construed strictly. While this case does not involve a construction of the bond because of any difference of opinion as to its meaning, we think the same principles would apply when it is

sought to determine whether the bond in question had any binding effect on the parties signing the same.. "An accused person who is admitted to bail is considered as being transferred to the friendly custody of his sureties." 6 C. J. 1042, § 311; Id. 952, § 166; *Clark v. Gordon,* 82 *Ga.* 613 (9 S. E. 333). "It has been held that the approval of a bail-bond or of a recognizance need not be endorsed on it, in order to render it valid, as it will be presumed that it has been duly accepted and approved by the proper officer; and the fact of approval may be shown by other evidence than the existence of the word 'approved' written on the instrument." 6 C. J. 1013. The laws of this State do not make essential any endorsement of approval or acceptance on the bond. Nevertheless, in order to bind the principal and sureties, there must be an acceptance of the bond by duly constituted authorities for the purposes contemplated by law. Was there an acceptance of the bond in this case sufficient to bind the sureties? We think not. Under the agreed statement of facts it appears that there was no entry of acceptance or approval on the bond, nor is there other evidence of such; the principal in the bond was never released from confinement in jail by reason of having given bond to appear in Stewart superior court. Although the bond had been signed by the principal and sureties on May 27, 1922, it was returned, under instruction of the sheriff of Stewart County, to the securities for the purpose of obtaining their affidavits on the question of whether they were worth the amount of the bond. The principal was not released. If the principal had been released because of the execution of the bond and receipt of the same by the sheriff, quite a different question would have been presented. The fact that the principal was not released is a conclusive presumption that the bond was not unconditionally accepted, and that it was not the intention of the sheriff to release the principal until he had become satisfied that the sureties were worth the amount of the bond. In this the sheriff acted as a prudent and faithful officer. The desired affidavit as to the worth of the sureties was executed and attached to the bond on May 31, 1922, and at about five o'clock p. m. the bond and affidavit were placed in the United States mail in Barrow County, Georgia, directed to the principal in care of the sheriff of Miller County at Colquitt, Ga. Before the arrival of these documents at the post-office in Colquitt, the principal escaped from jail. It cannot be said that the prin-

cipal obtained his liberty by reason of the bond. At the time of the escape from jail the bail-bond had never been unconditionally accepted by the sheriff of Stewart County, or by any one for him. In these circumstances the sureties are not bound by the terms of the bond, because, prior to the time when it would have become operative the purpose for which the bond was executed no longer existed. Under the agreed statement of facts it does not appear that the sureties were in any way responsible for or had any knowledge of the intention of the principal to escape from jail, or of the fact that he had escaped, until after the same was an accomplished fact. They cannot be said to seek benefit from their own wrong, in refusing to pay. Applying the principles above stated to the agreed facts, we are inevitably brought to the conclusion that the Court of Appeals erred in affirming the judgment of the trial court.

2. In the petition for certiorari filed in this court, after stating the history of the case, the petitioners allege that "the trial court erred in striking the plea to the jurisdiction," etc., and "that the Court of Appeals evidently overlooked certain material parts [the "parts" referred to not being designated] of the record in said case, by reaching the conclusion that the question as to the validity of the service upon the bail was raised for the first time in this case in the brief of counsel for plaintiffs in error, and therefore could not be considered;" and "that the Court of Appeals erred in affirming the judgment of the court below and in refusing to grant petitioners a new trial in said case." None of these allegations are sufficient to present any question for decision by this court. These allegations do not come within the rule of this court with regard to petitions for certiorari to review decisions of the Court of Appeals. That rule is: "The petition must specify plainly the decision complained of and the alleged errors. It will not be sufficient to set out the contentions and assignments of error made in the original bill of exceptions or motion for new trial, but it shall be necessary to plainly and specifically set forth the errors alleged to have been committed by the Court of Appeals. A failure to comply with this provision will be deemed a sufficient reason for denying the petition." Rule 42, 11 Park's Ann. Code Supp. 1922, p. 652, § 6259(b).

*Judgment reversed. All the Justices concur.*