14667. PARKS *et al.* v. HARDWICK, Governor.

BROYLES, C. J. 1. "Where the principal in a misdemeanor criminal case and his sureties sign a recognizance and mail the same to the sheriff of the county where the indictment against the principal has been returned, or to his agent in another county, and where, under the direction of the sheriff, the bond, without having entered thereupon the ap-

proval and acceptance of the same, is returned to the sureties who reside in another county of this State, for the purpose of obtaining the affidavit of the sureties as to their financial responsibility, and such affidavit is made, and these papers are placed in the United States mail addressed to the accused in the county where he is detained in jail, but before the arrival of the papers the principal escapes from jail, it cannot be said that the principal obtained his liberty by reason of the bond, there being no evidence of the acceptance and approval of the bond prior to the escape of the principal. It was error to hold that the trial judge was authorized to render a judgment of forfeiture absolute against the sureties on such bond." *Parks* v. *Hardwick,* 158 *Ga.* 71.

2. Under the above ruling the judgment of affirmance rendered by this court in this case (30 *Ga. App.* 673) was error. That judgment is, therefore, vacated, and it is now held that under the facts of the case the trial judge erred in rendering a judgment of forfeiture absolute against the sureties on the bond.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*

DECIDED MAY 13, 1924. .

Forfeiture of recognizance; from Stewart superior court—Judge Littlejohn. April 25, 1923.

*Russell & Chandler,* for plaintiffs in error.

*Jule Felton, solicitor-general,* contra.