### 47941. CONNELLY v. THE STATE.

BELL, Chief Judge. 1. Defendant pleaded nolo contendere to the offense of robbery by the use of force on October 26, 1972, and was sentenced to four years imprisonment. On appeal he contends that the trial court erred in considering as the part of the pre-sentencing report a plea of nolo contendere he entered to a charge of burglary in the same trial court in 1969. Code Ann. § 27-1410 provides in part: "Such plea of nolo contendere shall not be used against the defendant in any other court or proceedings as an admission of guilt, or otherwise, or for any purpose . . ." It is unnecessary for us to decide whether this provision which became law in 1946 (Ga. L. 1946, p. 142) would apply to this situation in view of the Act approved March 27, 1970. It provides in part that where the jury returns a verdict of guilty the court

shall then conduct a pre-sentence hearing at which the jury shall hear evidence in extenuation, mitigation and aggravation, "including the record of any prior criminal convictions and pleas of guilty or pleas of nolo contendere of the defendant." Ga. L. 1970, pp. 949, 950 (Code Ann. § 27-2534). Obviously, if a jury in a felony case would be authorized to consider a prior plea of nolo contendere in determining the sentence, all the more a trial judge can do so. The contention that the 1970 statute cannot be applied to permit consideration of the plea entered in 1969, has no merit. The defendant entered the second plea after the effective date of the 1970 Act which authorizes the trial court to consider his prior plea of nolo contendere in adjudging an appropriate sentence.

2. Where a sentence imposed is within the limits fixed by law, it is not subject to review as being excessive. *Harper v. State,* 14 Ga. App. 603 (81 SE 817).

*Judgment affirmed. Deen and Quillian, JJ., concur.*

ARGUED FEBRUARY 6, 1973 — DECIDED FEBRUARY 21, 1973.

*Herndon & Cooper, Frederick E. Cooper,* for appellant.