### 48682. LUNDY v. THE STATE.

EBERHARDT, Presiding Judge. Charles H. Lundy was convicted of burglary of the Techwood Homes Rental Office and of simple battery, and he appeals, enumerating as error: (1) overruling of

his motion for new trial, (2) refusal of the court to permit questioning of jurors on the voir dire as to whether they thought the United States Supreme Court has gone too far in protecting the rights of persons accused of crime, and whether they understood that an indictment was only an accusation, (3) admitting, over an objection of immateriality testimony of a state's witness, a policeman, that he had resigned from the police force of Atlanta because, having been shot twice within a year, he had become apprehensive of losing his life, (4) admitting, over objection that it was hearsay, testimony of a policeman that a man, not present at the trial, but who had seen the burglary in process and reported it to the police and shortly after the event had ridden around the immediate neighborhood with the police looking for the burglars, had seen and identified two men who had fled the scene of the burglary and stated to the police "I believe that is them," and (5) admitting on the bifurcated sentencing portion of the trial (after a verdict of guilty) a plea of nolo contendere by the defendant on an indictment for larceny, over objection that the plea had been entered prior to the adoption of the statute providing for the bifurcated sentencing procedure and that the admission of the plea would give an ex post facto application to the statute. *Held:*

1. (a) The evidence is amply sufficient to sustain the verdict as to each charge. The battery charge resulted from the defendant's kicking a policeman in the groin as he was being arrested on the charge of burglary, and there was ample testimony about it.

(b) Relative to the burglary charge, the contention that defendant was not shown to have entered the rental office does not require a different conclusion. The testimony of witnesses who saw the burglary in process was that a confederate of the defendant was inside, while the defendant squatted near a window on the outside. It would appear that he was there as a lookout (his fingerprints were found on the window) and he was thus participating in the commission of the burglary. Code Ann. § 26-801; *Swarn v. State,* 230 Ga. 552 (198 SE2d 177). As a witness approached the scene appellant pulled a gun and directed that the witness leave, saying "I'll kill you. This is an armed robbery!" Shortly after the burglary was committed he was arrested and had in his possession a pistol and a pair of knucks, and was wearing the same kind of clothing as one of those seen at the burglary. The general grounds are wholly without merit.

2. (a) In examining a prospective juror, counsel for the accused should not ask technical legal questions or his opinion

concerning them. It is the duty of the court to instruct the jury on legal questions which are appropriate to the issues on trial. "Although counsel has a right to inquire as to the qualifications of the veniremen and their prejudices so as to provide a foundation for a challenge for cause or a peremptory challenge (see Kreuter v. United States (10 Cir.) 376 F2d 654, 656), it is well settled that it is simply not the province of counsel to question prospective jurors as to their attitudes or knowledge of matters of law. (Citations). As the court observed in State v. Smith (Mo.) 422 SW2d 50, 67, 'Asking whether prospective jurors have any personal feelings for or against a rule of law is like asking whether they think the law is good or bad.'" People v. Boulware, 29 NY2d 135 (272 NE2d 538). Questions as to their knowledge or attitudes relating to a particular rule of law are irrelevant to their functions as jurors and hence, have no bearing on their qualifications. People v. Lobb, 17 Ill. 2d 287 (161 NE2d 325). "Thus, although counsel is not privileged to elicit viewpoints relating to matters of law, he is entitled to ask whether a prospective juror would obey the court's instructions. State v. Smith (Mo.) 422 SW2d 50, 68. . . Consequently, though counsel should be given a wide degree of latitude in determining the qualification or fairness of a prospective juror, '[t]he trial court not only may, but should, preclude counsel from interrogating on issues of law.' Oliver v. State, 85 Nev. 418, 423 (456 P2d 431, 434)." People v. Boulware, 29 NY2d 135, supra. Views which a juror may hold relative to the propriety or impropriety of any law, including that resulting from decisions of the Supreme Court, are irrelevant; what is relevant is whether he is willing to follow the law as given in charge and apply it to the facts.

(b) A juror was also asked whether he understood that an indictment is merely an accusation and is no indication as to the guilt or innocence of the accused, and the court interposed that this was a matter about which he would instruct the jury, and was not a proper matter for voir dire.

"In examining a prospective juror, counsel for the accused should not ask technical legal questions in regard to the presumption of innocence, but should confine his questions to those which may illustrate any prejudice of the juror against the accused, or any interest of the juror in the cause." McNeal v. State, 228 Ga. 633, 636 (187 SE2d 271). For the same reason, and because the matter is within the area of the duty of the judge to give instruction upon such matters as he deems appropriate in the case, it was not error to deny counsel the asking of prospective jurors concerning their

understanding of indictments or the legal effect thereof.

3. A police officer testifying for the state was asked whether he was still a member of the Atlanta police force, and he replied that he had resigned. Asked why he had done so, he answered that he had been shot twice during the year and had become apprehensive of his life. This testimony was objected to on the ground of immateriality. Even though the objection may have been good in that the testimony had no relevance to the issues on trial, yet we do not see and appellant does not demonstrate how it prejudiced or adversely affected him. If error, it was harmless error and does not call for a new trial. *Smith v. State,* 224 Ga. 750 (3) (164 SE2d 784).

4. The hearsay testimony, to which enumeration of error number four is directed, was admitted for the purpose of explaining conduct of the police in making an arrest, and the judge explicitly limited it to that purpose and admonished the jury that it was to be considered for no other.

When offered and admitted for the purpose of explaining conduct, evidence which is otherwise hearsay becomes original evidence for that purpose and the hearsay objection must fall. Code § 38-302; *Garrett v. State,* 157 Ga. 817 (1) (122 SE 211). While it may have been better that the witness simply testify that the third party, who had been a witness to the burglary while in progress, pointed out two men on the street as the ones whom he had seen commit the burglary rather than to particularize what was said in doing so, we can see no harm in admitting the statement "I believe that is them" attributed to the third party, as he pointed them out. *Kelly v. State,* 82 Ga. 441, 444 (3) (9 SE 171); *Bryant v. State,* 191 Ga. 686 (14) (13 SE2d 820). The testimony was not offered as proof that the two men were in fact those who had committed the burglary, but in explanation of the conduct of the officers in making the arrest. *Phillips v. State,* 206 Ga. 418 (3) (57 SE2d 555).

5. The contention that the statute providing for a bifurcated trial, separating the issues of guilt and punishment, Code Ann. § 27-2534, is applied ex post facto by the admission in evidence on the sentencing phase of the trial of a plea of nolo contendere entered prior to its adoption is without merit. We have decided the issue contrary to appellant's view of the matter in *Connelly v. State,* 128 Ga. App. 265 (1) (196 SE2d 411). The statute is procedural in nature and does not affect the substantive rights of a defendant, who has no vested right as to the manner provided by law for holding his trial. It is retroactive and applies

to the trial of crimes which were committed prior to its adoption. *Todd v. State,* 228 Ga. 746 (187 SE2d 831); *Lawrence v. State,* 125 Ga. App. 709 (188 SE2d 925). The order of arguments by counsel on the sentencing portion of the trial was changed by an amendment to the Act in 1971 (Ga. L. 1971, p. 902), and this has been held applicable to the trial of an offense committed prior to adoption of the amendment. *Lewis v. State,* 126 Ga. App. 123 (5) (190 SE2d 123).

Nor does a statute which has the effect of admitting a particular kind of evidence not previously admissible in a criminal trial result in an ex post facto application. Thompson v. Missouri, 171 U. S. 380, 387 (18 SC 922, 43 LE 204).

*Judgment affirmed. Pannell and Stolz, JJ., concur.*
SUBMITTED OCTOBER 9, 1973 — DECIDED OCTOBER 17, 1973 — REHEARING DENIED NOVEMBER 2, 1973.

*Gale W. Mull,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Morris H. Rosenberg,* for appellee.