## 51910. THE STATE v. CONNELLY.

EVANS, Judge.

Two defendants were charged separately with the crime of murder. The state moved to try the two cases together on the ground that they arose out of one transaction. The defendants objected. Upon inquiry as to whether the state was asking for the death penalty and being assured it was not so asking, the court overruled the objection by defense and ordered the cases to be tried jointly. The jury returned a verdict of not guilty as to one of the defendants, but the other defendant was convicted of manslaughter and sentenced to serve 20 years.

Upon consideration of defendant's motion for new trial, as amended, the same was granted on the grounds that the court erred in failing to grant separate trials and in trying the two cases together. The state appeals. *Held:*

Under Code Ann. § 27-2101, when two or more

defendants are *jointly indicted for a capital offense,* and the state waives the death penalty as here, the defendants may be tried jointly or separately in the discretion of the trial court. Even though the defendants may have been joint offenders, nevertheless the state indicted them separately. It appears that the lower court entertained a misconception of the law, for if a defendant is indicted separately, he has a right to be tried separately under the law unless he voluntarily waives it. See *Towns v. State,* 149 Ga. 613 (1) (101 SE 678). The court did not err in granting a new trial on this ground alone.

*Judgment affirmed. Pannell, P. J., and Marshall, J., concur.*

SUBMITTED MARCH 1, 1976 — DECIDED MARCH 12, 1976.

*F. Larry Salmon, District Attorney, Robert. D. Engelhart, Assistant District Attorney,* for appellant.

*W. Gene Richardson, Vaughn Terrell,* for appellee.