54502. ALLEN et al. v. THE STATE.

BELL, Chief Judge.

Pursuant to a search warrant obtained on an affidavit based on actual viewing by the affiant police officer, two movies, "Cheryl Surrenders" and "Sex Before Marriage," which were being exhibited at an Atlanta theater, were seized. The defendants, the ticket taker and projectionist, respectively, were arrested. They were

charged in separate accusations of two counts each of distributing obscene materials in violation of Code § 26-2101. A jury convicted defendants and sentence was imposed. In a joint appeal, no issue as to the obscene nature of the materials has been raised. *Held:*

1. Denial of defendants' pre-trial motion to suppress the evidence on the basis of unlawful search and seizure was correct. The record shows that the warrant issued on a showing of probable cause before a neutral and detached magistrate. The state carried its burden that the search and seizure of the film was lawful.

2. Defendants were accused in separate accusations of the same identical offenses which were consolidated for trial. Their motions for severance were denied. Defendants, in support of their contention that they were entitled to a severance, rely on our decision in *State v. Connelly,* 138 Ga. App. 121 (225 SE2d 519). There, it was held that if a defendant was indicted separately for a jointly committed crime he has a right to a separate trial, unless he waives it, even though the offense was jointly committed. *Bonner v. State,* 140 Ga. App. 314 (231 SE2d 120), reached a different and conflicting result, viz., joint or separate trials of a joint offense is matter that rests within the sound discretion of the trial court. The Supreme Court has resolved any conflict in our holdings when it held in *Padgett v. State,* 239 Ga. 556, that when two or more defendants are charged with different offenses, they may be tried jointly where the offenses were part of a common scheme or plan; and if a joint trial does not prevent or hinder a fair determination of each defendant's guilt, there is no abuse of discretion in denying severance. Here, we do not have different offenses but the same identical crimes provable by the same evidence in which one defendant aided and abetted the other in its commission. See Division (3) infra. The facts of this case fall within the rationale of *Padgett.* Thus the grant or denial of severance was a discretionary matter and we find no abuse. As *Connelly v. State,* supra, conflicts with the Supreme Court's decision in *Padgett,* it cannot be followed.

3. The defendant Allen contends that the evidence is legally insufficient as to her as it failed to show that she

had any control over the film and also failed to show that she had knowledge of the contents of the two films. Defendant Allen was the ticket taker and the evidence showed that the marquee carried the wording "Triple XXX Rated Movies" and a sign designating it an "Adult Movie— No one under 18 Admitted." Code § 26-2101 (a) defines "knowing" as "shall be deemed to be actual or constructive knowledge of the obscene contents of the subject matter; and a person has constructive knowledge of the obscene contents if he has knowledge of facts which would put a reasonable and prudent man on notice as to the suspect nature of the material." This evidence was sufficient to show that defendant was an aider and abettor in the exhibition of the film by her selling tickets and that she had the requisite guilty knowledge. See and compare *Dyke v. State,* 232 Ga. 817, 822 (209 SE2d 166); *Ballew v. State,* 138 Ga. App. 530, 533 (227 SE2d 65).

4. The enumerations of error concerning portions of the charge and the constitutionality of Code § 26-2101 are identical to those held to be without merit in *Wood v. State,* 143 Ga. App. 236.

5. The refusal to admit into evidence the contract between the projectionists' union and the theater in question was not error as it was not shown to have any relevance.

*Judgment affirmed. McMurray and Smith, JJ., concur.*

ARGUED SEPTEMBER 21, 1977 — DECIDED NOVEMBER 17, 1977— REHEARING DENIED DECEMBER 5, 1977 —

*Glenn Zell,* for appellants.
*Hinson McAuliffe, Solicitor, Richard E. Stark, Assistant Solicitor,* for appellee.