58294. ARNSDORFF et al. v. THE STATE.

BANKE, Judge.

Appellants, Alan Arnsdorff and Robert Phillips, were separately indicted and arraigned but jointly convicted of possession with intent to distribute approximately 20 tons of marijuana. They enumerate as error, among others, the trial court's act in joining their

cases for trial. *Held:*

1. When two or more defendants are charged with identical crimes or with different offenses which are part of a common scheme or plan, they may be jointly tried in the discretion of the trial court provided such a trial does not hinder a fair determination of each defendant's guilt or innocence. Accord, *Padgett v. State,* 239 Ga. 556 (238 SE2d 92) (1977); *Allen v. State,* 144 Ga. App. 233 (240 SE2d 754) (1977); see Code Ann. § 27-2101. Here, the appellants were charged with joint commission of the same criminal act and the evidence against them was substantially identical. In the absence of any showing of prejudice, we find no abuse of discretion in joining the cases for trial.

2. Next enumerated as error is the calling of defendants' cases before other cases on the docket. "The cases on the criminal docket shall be called in the order in which they stand on the docket, unless the defendant be in jail, or otherwise in the sound discretion of the court." Code Ann. § 27-1301. The trial court explained on the record that it had called the cases out of order as an accommodation to various attorneys involved in other, related cases. There is no evidence suggesting a contrary or ulterior purpose, nor is there anything to indicate that the appellants were prejudiced by the court's decision. Accordingly, we find no abuse of discretion. Accord, *Barrentine v. State,* 136 Ga. App. 802 (222 SE2d 103) (1975).

3. Also enumerated as error is the trial court's questioning of potential jurors as to any connection they might have had with certain defendants awaiting trial on companion cases arising from the same criminal activity. Although harm to appellants is suggested, none is described, nor are we able to perceive any. Thus, in the absence of some authority to the contrary, we find no ground for reversal. See generally *Sassoon v. State,* 138 Ga. App. 172 (225 SE2d 732) (1976).

4. Appellants enumerate as error the trial court's refusal to suppress the evidence upon which the convictions were based. This general enumeration is subdivided into five separate claims. The first complains that the justice of the peace who issued the search

warrants which resulted in the seizure of the marijuana was not a neutral and detached magistrate. This complaint generally centers about the fact that the justice of the peace was driven by police to the dock where the marijuana had been unloaded. There he considered the evidence of probable cause and issued the warrants. Appellants argue that because the magistrate's deliberations did not take place in his "home or some other place of solitude," he was not authorized to issue the warrants. We are cited no authority for such a contention, and we know of none. In the absence of evidence that the magistrate was involved in the investigation or that he received some personal benefit from the issuance of the warrant, we find no impropriety in the circumstances under which his deliberations were made.

We have carefully considered the additional enumerations pertaining to the motion to suppress and find that each issue raised therein has previously been considered and resolved in favor of the state in *Cuevas v. State,* 151 Ga. App. 605 (1979), a case which considered the seizure of the same contraband.

5. In their next enumerations of error, appellants contend that the trial court erred in admitting into evidence pretrial statements made after their warrantless arrests. Appellant Arnsdorff was arrested shortly after he departed the dock area in a vehicle with his wife. Appellant Phillips was arrested at his home. Both arrests were accomplished without a warrant under circumstances where one could arguably have been obtained. Both appellants had earlier on the morning in question been identified as being involved in the marijuana haul of the shrimp boat, "Miss Carol J." Investigators had knowledge that appellant Phillips was the captain and last person to have the boat out. They also had knowledge Arnsdorff had been on the boat when it went out and when it returned, and that his wallet had been found on board.

An arrest may be made without a warrant if the officer has probable cause to believe that the defendant has committed a felony. *Robinson v. State,* 93 Ga. 77, 87 (18 SE 1018) (1893); *Richardson v. State,* 113 Ga. App. 163 (147 SE2d 653) (1966). See generally Code Ann. § 27-207

(a). The evidence in this case supports the conclusion that the arrests in question were made with probable cause, and the incriminating statements of appellants were thus properly admitted into evidence. These enumerations of error are without merit.

6. In Enumerations 7 and 8, appellants assert prejudicial error by the trial court concerning the admissibility of certain testimony given by a state witness. Over timely objection the witness, Mr. Stone, related statements made to him by others which linked each appellant to the shrimp boat, "Miss Carol J.," used to transport the marijuana involved in these convictions. The state's theory in offering the testimony was that it explained the conduct of the police in their decision to arrest the defendants. See *Burrell v. State,* 140 Ga. App. 900 (232 SE2d 172) (1977); *Lundy v. State,* 130 Ga. App. 171 (4) (202 SE2d 536) (1973). The trial court admitted the testimony for this limited purpose only and so admonished the jury. Admission of this testimony for this purpose was not error.

7. Appellants assign as error the trial court's failure to grant them a preliminary hearing. The arrest took place on March 14, 1978, and the indictment on March 16, 1978. Under the authority of *State v. Middlebrooks,* 236 Ga. 52 (222 SE2d 343) (1976), and *Sims v. State,* 148 Ga. App. 733 (252 SE2d 910) (1979), "a preliminary hearing is not a required step in a felony prosecution and . . . once an indictment is obtained there is no judicial oversight or review of the decision to prosecute because of any failure to hold a commitment hearing."

8. The other enumerations of error have been considered and have no merit.

*Judgment affirmed. McMurray, P. J., and Underwood, J., concur.*

ARGUED SEPTEMBER 24, 1979 — DECIDED OCTOBER 17, 1979 — REHEARING DENIED NOVEMBER 26, 1979 —

*Billy N. Jones,* for appellants.
*Dupont K. Cheney, District Attorney, Kenneth R.*

*Carswell, Assistant District Attorney,* for appellee.