## 64627. CAMP v. THE STATE.

BIRDSONG, Judge.

Helen Causey Camp was convicted along with her husband of violations of the Georgia Controlled Substances Act by selling marijuana. She was convicted of joint sales with her husband involving three transactions with undercover agents of the GBI on three different dates. Mrs. Camp was convicted in a fourth count of a sale in which her husband had no part. She was sentenced to six years on each count, four to serve and the last two on probation, all sentences to be concurrent.

The facts disclose that on each occasion an informer conducted a GBI undercover agent to Mrs. Camp's apartment to buy marijuana in quantities varying from two ounces to a pound. On three of those occasions, the agent discussed in part the sale with Mrs. Camp. If the

desired amount was not available, Mrs. Camp's husband, Robert, would secure the necessary amount of marijuana to complete the sale. Robert Camp weighed out the marijuana, bagged and delivered it to the agent. On two occasions, Robert Camp verified the sale price from his wife Helen. On one occasion though Robert physically delivered the marijuana to the agent, the agent paid the purchase price directly to Mrs. Camp. On the fourth occasion, the agent dealt exclusively with Mrs. Camp, Robert Camp not being present at the time of the sale. At the time of the joint trial, the defendants were free on bail. On the first day of trial when motions were made and a jury struck, Robert Camp was present and participated. The next morning, however, when evidence was presented, Robert Camp notified the trial court by written note that he would not be present, nor was he. Trial was conducted in his absence. Mrs. Camp brings this appeal enumerating seven alleged errors. *Held:*

1. In her first enumeration of error, Mrs. Camp contends the trial court erred to her prejudice by refusing to grant her a continuance; to sever her trial from that of her husband; to grant a mistrial; or to sever the joint counts. It is her contention that her husband's voluntary absence from trial is tantamount to an admission of guilt and only a separate trial excluding her husband could free her from contamination. We find no merit in any portion of this enumeration. Though there apparently is no prior Georgia case on the implication arising out of the flight of one joint defendant as regards a coaccused, when trial is in progress, appellant treats the inference of guilt arising from flight as if one of codefendants had confessed and that confession is admitted in the joint trial. We find no merit in appellant's argument. See United States v. Lobo, 516 F2d 883 (2d Cir. 1975). We agree with the rationale of that decision where it was held that though there is an implication of guilt in flight, that implication focuses solely on the absconder. In fact, the jury could as well infer that Mrs. Camp was not guilty because she did not flee and was insisting in her defense that she was a mere bystander while her husband was the principal spokesman and seller. Moreover, the trial court carefully instructed the jurors at the time Robert Camp failed to appear for trial, and again in its general charge, that the jury could not consider Robert's flight in any manner against Mrs. Camp but only in relation to Robert Camp. Considering the nature of the inference arising from flight (a consciousness of guilt in the one fleeing) and the cautionary action of the court, there was no error in requiring Mrs. Camp to proceed in her trial in her husband's absence.

Nor do we perceive any error in the trial court's refusal to sever the case or the counts. The decision to grant a severance is a discretionary matter with the trial court. In aiding the trial court to

exercise that discretion, Mrs. Camp failed to show that her defense was antagonistic to that of her husband. Neither did she illustrate in what particulars a separate trial from her husband's would have benefited her. In the absence of a clear showing of prejudice, there was no error in denying the motion to sever counts or parties defendant. *Cain v. State,* 235 Ga. 128 (218 SE2d 856).

2. In several related enumerations, Mrs. Camp argues that the trial court erred in failing to limit evidence of Robert Camp's activities to questions of his personal guilt. It is clear, however, from the evidence in this case that the state proceeded upon the theory of principals. The witnesses showed without dispute that both Camps were involved in most of the transactions. Mrs. Camp either quoted or verified a price for the transaction or was more directly involved in each sale. Inasmuch as each act of a co-conspirator is equally the act of all, the trial court would have been in error to limit the testimony of Robert Camp's activities to Robert. *Roberts v. State,* 242 Ga. 634, 635 (250 SE2d 482). The trial court fully charged the jury that the guilt of each defendant must separately be determined, upon the law of principals, and limited the impact of Robert Camp's flight. We find no merit in any of these enumerations. Evidence of other sales, either past or future, was relevant to show scheme, design, intent and knowledge. *Natson v. State,* 242 Ga. 618, 620 (250 SE2d 420).

3. Appellant's remaining enumerations have all been considered in light of the above disposition and found to be without sufficient merit to warrant further discussion.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED NOVEMBER 3, 1982.

*Sara Nell Langland, Wayne W. Gammon,* for appellant.
*F. Larry Salmon, District Attorney, William H. Boggs, Assistant District Attorney,* for appellee.