## 66443. BENNETT v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of simple assault. On appeal he contends the trial court erred (1) by improperly charging on the rights of bondsmen to seize an arrestee; (2) by denying appellant's request to charge on the rights of a bail bondsman in seizing a defaulting principal; and (3) by allowing a copy of a tape recording to be played in evidence.

Appellant was an agent for a bondsman and was asked to apprehend Charles Brannon after Brannon failed to appear for trial on several traffic offenses. In effecting Brannon's apprehension, appellant went to the Brannon home where he fired a shot in the backyard, kicked in the front door when Brannon ran inside, and beat Brannon on the head and face with a pistol.

1. Appellant contends the trial court erred by charging the jury that if a bondsman or his agent uses deadly force in seizing an arrestee, "then, such constitutes an illegal arrest, or illegal seizure." Appellant argues that a bondsman or his agent who apprehends a principal on the bond is not making an arrest and thus, if he uses unreasonable force it does not constitute an "illegal arrest" or an "illegal seizure." We do not agree.

Our appellate courts have held that an arrest is accomplished whenever the liberty of another to come and go as he pleases is restrained. *Caito v. State,* 130 Ga. App. 831, 833 (1) (204 SE2d 765) (1974); *Collier v. State,* 244 Ga. 553, 561 (261 SE2d 364) (1979). The actions of a surety on a bail bond returning his principal to custody fall within this definition of arrest, and other authorities also consider the apprehension of a principal by the surety on a bail bond as an arrest. See 8 CJS, Bail, § 87c; 8 AmJur2d, Bail, § 123; 18 USC § 3142; United States v. D'Argento, 227 FSupp. 596, 602 (17-18) (DC Ill. 1964). In *Clark v. Gordon,* 82 Ga. 613, 616 (9 SE 333) (1888), our Supreme Court held: "When he [surety] signed the bail-bond of his principal, the law placed the principal in his custody, and he could have *arrested* him and delivered him to the sheriff at any time . . ." (Emphasis supplied.) See also *Coleman v. State,* 121 Ga. 594 (49 SE 716) (1904), where the court treated the apprehension of a principal

by his surety on a bail bond as an arrest. Appellant himself acknowledged this at trial by stating that "I agree with the State; if excessive force was used, it became an illegal arrest, I believe." Thus, appellant's argument that the action of a surety on a bail bond in seizing and returning his principal to custody is not an arrest is without merit.

As to the amount of force a bail bondsman or his agent may use in arresting his principal, we have found no state or federal cases dealing with this specific issue, beyond a general statement that a bondsman may break and enter the principal's home to effect his apprehension. See, e.g., Taylor v. Taintor, 83 U. S. (16 Wall.) 366, 371 (21 LE 287). A law enforcement officer has the same authority to break and enter to apprehend an offender under an arrest warrant. OCGA § 17-4-3 (Code Ann. § 27-205); Butler v. State, 159 Ga. App. 895, 897 (2) (285 SE2d 610) (1981). Therefore, we will look to the rules relating to arrest by law enforcement officers since a bail bondsman, in our opinion, should have no greater right to the use of force than a law enforcement officer can use in making an arrest.

Even though a law enforcement officer has a legal right to make an arrest, he can use no more force than is reasonably necessary under the circumstances, and cannot use violence disproportionate to the resistance offered. Mullis v. State, 196 Ga. 569, 577-578 (4) (27 SE2d 91) (1943). Further, while an officer in the execution of an arrest warrant for a misdemeanor may not shoot an accused to prevent his escape by flight he may, in order to overcome declared, open and armed resistance to execution of the warrant, use such force as may be reasonably necessary to effect the arrest; it is for the jury to determine whether the force used was reasonably necessary to effect the arrest. Newkirk v. State, 57 Ga. App. 803 (1) (196 SE 911) (1938); Mullis, supra.

In the instant case Brannon was being arrested for failure to appear on a DUI charge, a misdemeanor (OCGA § 40-6-391 (c) (Code Ann. § 68A-902)), and was not resisting arrest at the time appellant started beating Brannon on the head and face with a pistol with such force that the pistol discharged. Since appellant was not entitled to use deadly force in effecting Brannon's arrest (appellant had announced he would take Brannon in, dead or alive), but could only use such force as was reasonably necessary under the circumstances, the trial court's charge was correct.

2. Appellant contends the trial court erred by failing to give one of his requests to charge. The charge requested referred to the rights of a bondsman, in general, to seize and return his principal to custody.

The record discloses that the trial court explained the rights of a bondsman in detail in the court's charge to the jury. Although the

charge given was not in the exact language requested, it covered the principles in the requested charge. The failure to give a requested instruction in the exact language requested, where the charge given substantially covers the same principle, is not grounds for reversal. *Kelly v. State,* 241 Ga. 190, 191 (4) (243 SE2d 857) (1978).

3. Lastly, appellant contends it was error to allow a copy of a tape recording to be played in evidence over objection that the copy was not the best evidence, and the state did not lay a proper foundation for admissibility of the copy.

OCGA § 24-5-4 (a) (Code Ann. § 38-203) provides: "The best evidence which exists of a writing sought to be proved shall be produced, unless its absence shall be satisfactorily accounted for." The tape in question was a copy of a tape recording of Brannon's telephone call to the DeKalb County Police Department emergency number made while appellant was breaking in the door at the Brannon home.

The state presented evidence that all such incoming calls are recorded on a reel-to-reel tape recorder, and after being stored for 66 days, the tapes are erased and the tape is re-used. Susan Battle testified that she was the switchboard operator who received Brannon's call; the tape in question was made at Battle's request; the copy of the tape was a true and accurate copy of the entire conversation recorded between Battle and Brannon; that Battle recognized the conversation; and that her voice was the female voice heard on the tape. Further, the supervisor who made the copy of the tape testified that the tape was a true and accurate copy of the original; there had been no additions, deletions or editions made on the copy; and that the original tape had been erased and re-used, and was no longer available. Evidence was also presented that the tape recorder used to record incoming emergency calls was working properly at the time Brannon called.

The foundation laid by the state for admissibility of the copy of the original tape met all the requirements for admissibility set forth in *Solomon, Inc. v. Edgar,* 92 Ga. App. 207, 211-212 (3) (88 SE2d 167) (1955). See also *Tookes v. State,* 159 Ga. App. 423, 425 (3) (283 SE2d 642) (1981); *Central of Ga. R. Co. v. Collins,* 232 Ga. 790, 793-794 (209 SE2d 1) (1974). Hence, it was not error to admit the copy of the original tape into evidence.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 29, 1983.

*William D. Smith,* for appellant.
*Robert E. Wilson,* District Attorney, *John H. Petrey, Ann Poe*

*Mitchell, Assistant District Attorneys,* for appellee.