## 69697. WILLIAMS v. THE STATE.
(329 SE2d 226)

CARLEY, Judge.

Appellant was indicted for and convicted of armed robbery and aggravated assault. He appeals from the judgments of conviction entered on the guilty verdicts. The relevant facts are set forth in the companion case, *Kirby v. State*, 174 Ga. App. 58 (329 SE2d 228) (1985).

1. Appellant asserts that the trial court erred in denying his motion for a pretrial line-up identification. " 'A line-up identification, or identification from a group of photographs, is not a prerequisite to every in-court identification. [Cits.]' " *Puckett v. State*, 233 Ga. 449, 451 (211 SE2d 740) (1975). See also *Lowe v. State*, 136 Ga. App. 631, 633 (222 SE2d 50) (1975); *Moye v. State*, 122 Ga. App. 14, 17 (176 SE2d 180) (1970).

Appellant also contends that the victim's in-court identification was tainted and suggestive and, therefore, should have been excluded.

The argument is that the victim knew that the perpetrators were black men, and appellant was one of the only two black men seated at the defense table. However, the victim in the instant case "had ample opportunity to see appellant at the scene of the crime . . . and there were no impermissibly suggestive pre-trial identification procedures involved in the case. The in-court identification based upon the victim's view of [appellant] at the scene of the crime was not impermissibly tainted solely because the appellant sat at the defendant[s'] table and was [one of the only two] black male[s at the table]." *Manning v. State*, 162 Ga. App. 494 (292 SE2d 95) (1982). See also *Ralston v. State*, 251 Ga. 682, 684 (309 SE2d 135) (1983). The refusal by the trial court to exclude the victim's in-court identification of appellant was not error.

2. Appellant enumerates as error the admission into evidence of State's Exhibit 5, a photograph of the scene of the crime. The objection to the photograph was that a proper foundation had not been laid.

The photograph in question was one in a series of six photographs. The six photographs were identified by the sheriff as photographs of the scene of the crime taken at his direction. The five photographs other than State's Exhibit 5 were each specifically identified by the sheriff as fairly and accurately representing the scene of the crime as it appeared on the date in question. As to State's Exhibit 5, the sheriff merely stated that it was "another photograph of the floor" of the scene of the crime, and then explained exactly what the picture depicted.

Before a photograph may be introduced in evidence, it must be authenticated by a showing that it is a fair and truthful representation of what it purports to depict. *Johnson v. State*, 158 Ga. 192, 198 (123 SE 120) (1924). "The quantum of evidence required to sufficiently identify photographs as true and accurate representations of what they purport to depict is a matter to be left within the discretion of the trial court. [Cits.]" *Johnston v. State*, 232 Ga. 268, 270-271 (1) (206 SE2d 468) (1974). The sheriff's "testimony was sufficient to establish that the photographs truly and accurately depicted the condition of the [scene of the crime] at the time the witness [arrived]. [Cit.]" *Chambers v. State*, 159 Ga. App. 669, 670 (1) (284 SE2d 682) (1981). See also *Heard v. State*, 170 Ga. App. 130, 135 (11 (a)) (316 SE2d 504) (1984); *Tenant v. State*, 151 Ga. App. 891, 892 (3) (262 SE2d 204) (1979).

3. Appellant enumerates as error the admission into evidence of his written statement given to law enforcement authorities while he was in their custody. Appellant asserts that he did not fully and completely understand his right to counsel during the custodial interrogation.

At a *Jackson-Denno* hearing (*Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964)), a police officer testified that, prior to interrogation, appellant was advised fully of his *Miranda* rights (*Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966)), and stated that he understood those rights. Appellant also admitted that he was informed of his right to an attorney and that he signed a copy of the rights read to him. On this evidence, the trial court concluded that appellant had freely and voluntarily waived his right to an attorney, and we must accept this factual determination unless it is shown to be clearly erroneous. *Pierce v. State*, 235 Ga. 237, 239 (219 SE2d 158) (1975); *House v. State*, 170 Ga. App. 88, 90 (316 SE2d 483) (1984); *Heard v. State*, 165 Ga. App. 252, 253 (300 SE2d 213) (1983). Under the facts and circumstances of this case, we do not find that the trial court's determination was clearly erroneous.

4. Appellant enumerates as error the admission of the opinion testimony of Sheriff McConnell concerning the match between appellant's shoe and a footprint found at the scene of the crime. We have held, in the appeal of appellant's co-defendant, that Sheriff McConnell's testimony was not erroneously admitted into evidence. See *Kirby v. State*, 174 Ga. App. 58, supra.

5. Appellant also enumerates as error the failure of the trial court to grant his motion for additional jury strikes. This assertion has already been decided adversely to appellant by this court's opinion in his co-defendant's appeal. See *Kirby v. State*, 174 Ga. App. 58, supra.

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED MARCH 7, 1985.

*L. Branch S. Connelly*, for appellant.
*David L. Lomenick, Jr., District Attorney, Roland L. Enloe, Jr., Assistant District Attorney*, for appellee.