69553. KIRBY v. THE STATE.
(329 SE2d 228)

CARLEY, Judge.
Appellant was indicted for aggravated assault and armed robbery. He was convicted of armed robbery and appeals from the judgment of conviction entered on the guilty verdict. The appeal of appellant's co-defendant can be found in *Williams v. State*, 174 Ga. App. 56 (329 SE2d 226) (1985).

The evidence adduced at trial was as follows: On February 8,

1983, appellant, appellant's co-defendant Wayne Williams, and Patricia Covington drove to a general merchandise store. Appellant, who was driving, asked the victim to pump gasoline into the automobile. While the victim was pumping gas, Williams walked into the store. Believing that Williams wanted to purchase oil, the victim followed Williams. Upon entering the store, the victim discovered Williams taking money from the cash register. Williams then repeatedly struck the victim over the head with a bottle, and began choking her. At that point, Ms. Covington entered the store to "see what was taking [Williams] so long . . . ." She witnessed Williams hitting the victim and returned to the automobile and told appellant what she had seen. Williams then ran out of the store with a handful of money and told appellant to drive away. Appellant drove to a place where they parked the car. Ms. Covington left, and appellant and Williams walked to the home of appellant's cousin. Williams was given clean clothes, and his soiled clothes were taken into the woods where appellant thought that they were to be burned. Appellant and Williams then remained together for several hours.

In a statement made to the police, appellant admitted that only two or three days prior to the incident in question he and Williams had talked about taking money from the general merchandise store, and Williams had stated that he had taken money from the store several times and that it "was easy to do."

1. Appellant and Williams were separately indicted for identical offenses, but jointly tried. Asserting that defendants who are not jointly indicted may not be jointly tried, appellant enumerates as error the denial of his motion to sever his trial from that of Williams.

"When two or more defendants are charged with *identical crimes* or with different offenses which are part of a common scheme or plan, *they may be jointly tried* in the discretion of the trial court provided such a trial does not hinder a fair determination of each defendant's guilt or innocence. [Cits.]" (Emphasis supplied.) *Arnsdorff v. State,* 152 Ga. App. 515, 516 (263 SE2d 176) (1979). See also *Allen v. State,* 144 Ga. App. 233, 234 (2) (240 SE2d 754) (1977), U. S. cert. den. 439 U. S. 899 (99 SC 264, 58 LE2d 247) (1978). In the instant case, appellant and Williams were charged with "joint commission of the same criminal act[s] and the evidence against them was substantially identical. In the absence of any showing of prejudice, we find no abuse of discretion in joining the cases for trial." *Arnsdorff,* supra at 516.

2. Appellant also contends that the trial court erred in denying his motion for severance because his defenses and those of his co-defendant were antagonistic, and because he wished to call his co-defendant, as well as Ms. Covington, as witnesses.

"The mere fact that co-defendants' defenses are antagonistic is not sufficient in itself to warrant separate trials. [Cit.] A showing of

harm is necessary. [Cit.] For example, if the defendant wishes to call his co-defendant as a witness, he will not be able to do so in a joint trial because of his co-defendant's Fifth Amendment rights. In order to have his motion for severance granted, however, the defendant must show not only that his co-defendant will probably not testify at trial where he could cross-examine him or elicit the testimony desired, but also that the testimony of the co-defendant would tend to exculpate the defendant. The trial judge should also consider whether the co-defendant would be more likely to testify if they were tried separately. [Cits.]" *Cain v. State*, 235 Ga. 128, 129-130 (218 SE2d 856) (1975). " 'In order to be entitled to a severance on [this] ground . . ., the movant must demonstrate: (1) a bona fide need for the testimony; (2) the substance of the testimony; (3) its exculpatory nature and effect; and (4) that the co-defendant will in fact testify if the cases are severed. [Cits.]' " *Stevens v. State*, 165 Ga. App. 814, 817 (302 SE2d 724) (1983), citing *United States v. Butler*, 611 F2d 1066 (5th Cir. 1980). In the present case, there was no evidence that appellant had a bona fide need for his co-defendant's testimony, that his testimony would in any way exculpate appellant, or that the co-defendant would in fact have testified if their cases were severed.

Insofar as Ms. Covington is concerned, at trial she invoked her Fifth Amendment right not to testify. Assuming without deciding that Ms. Covington, who was not a co-defendant, has any bearing whatsoever with regard to the issue of severance, there was no evidence that Ms. Covington would have testified at a severed trial, or that her testimony would have been exculpatory of appellant. " 'A motion for severance is a matter committed to the sound discretion of the trial court. [Cit.] The ruling of the trial court is subject to reversal only for an abuse of that discretion. [Cits.] In weighing for an abuse of discretion, the appellate court must satisfy itself that the appellant has suffered prejudice of a substantial nature. [Cits.]' " *Grimes v. State*, 168 Ga. App. 372, 374 (308 SE2d 863) (1983). We find no such abuse of the trial court's discretion in denying appellant's motion to sever.

3. Appellant enumerates as error the failure of the trial court to give three of his requested charges, all involving the crime of hindering the apprehension or punishment of a criminal. See OCGA § 16-10-50. Hindering the apprehension or punishment of a criminal is a separate offense, for which appellant was not indicted. See *Moore v. State*, 240 Ga. 210, 211 (1) (240 SE2d 68) (1977). We find that the trial court did not err in refusing to give the requested charges. " 'On the trial of an indictment charging a defendant as principal, he cannot be convicted [of hindering the apprehension or punishment of a criminal].' [Cits.]" *Hill v. State*, 221 Ga. 65, 67 (6) (142 SE2d 909) (1965).

4. Appellant assigns as error the refusal of the trial court to in-

struct the jury in accordance with certain other of his requests to charge. Our review of the record reveals that the trial court fully charged on the matters contained in the refused requests. "It is not necessary to charge the jury in the exact language of requests to charge where, as here, the applicable principles are fairly given to the jury in the general charge of the court. [Cit.]" *Adams v. State*, 242 Ga. 239, 240-241 (4) (248 SE2d 638) (1978). See also *Bennett v. State*, 169 Ga. App. 85, 86 (2) (311 SE2d 513) (1983).

5. Enumerated as error is the denial of appellant's motion for allowance of additional jury strikes. OCGA § 17-8-4 provides, in pertinent part: "When two or more defendants are tried jointly for a crime or offense, such defendants shall be entitled to the same number of strikes as a single defendant if tried separately. The strikes shall be exercised jointly by the defendants or shall be apportioned among the defendants in the manner the court shall direct. In the event two or more defendants are tried jointly the court, upon request of the defendants, *acting in its sole discretion,* may allow an equal number of additional strikes to the defendants, not to exceed five each, as the court shall deem necessary, to the ends that justice may prevail." (Emphasis supplied.)

In this case, appellant has not indicated how he was prejudiced by the trial court's refusal to allow him additional strikes, nor has any abuse of the trial court's discretion been shown. Accordingly, we find no error. See *Merrill v. State*, 130 Ga. App. 745, 750 (3b) (204 SE2d 632) (1974); *Ramsey v. State*, 165 Ga. App. 854, 855-856 (303 SE2d 32) (1983).

6. Appellant enumerates as error the admission of certain testimony given by the physician who treated the victim in the hospital emergency room. The objection was that the testimony constituted hearsay. The witness testified as to the victim's statement made to him concerning the cause of her injuries, which statement had been made when the victim was admitted for treatment. "Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the *inception or general character of the cause or external source thereof* insofar as reasonably pertinent to diagnosis or treatment shall be admissible in evidence." (Emphasis supplied.) OCGA § 24-3-4. "The testimony in the instant case 'was pertinent to the diagnosis and treatment of the [victim],' and, therefore, was admissible. [Cit.]" *Davis v. State*, 168 Ga. App. 272, 274 (5) (308 SE2d 602) (1983). See also *Banks v. State*, 144 Ga. App. 471, 472 (4) (241 SE2d 587) (1978).

7. The admission into evidence of three State's exhibits is enumerated as error. As to the first exhibit at issue, a timely objection was not made by appellant at trial. Hence, appellant has waived any objection to the admission of that exhibit. See *Lawrence v. State*, 165

Ga. App. 151, 152 (2) (299 SE2d 126) (1983).

Insofar as the two remaining exhibits are concerned, it appears that appellant's objection is that the exhibits were relevant only as to his co-defendant and not to him, there being no showing that he was ever near his co-defendant, from whom the exhibits were taken. Our review of the record reveals that appellant's contention is not supported by the evidence. Appellant testified at trial that he was with Williams when the armed robbery occurred. We find no error in the admission into evidence of the State's exhibits at issue. See generally *Camp v. State*, 164 Ga. App. 253, 255 (2) (296 SE2d 799) (1982).

8. During the trial, Sheriff McConnell testified concerning the identity of a shoe print found in a pool of blood at the scene of the crime. Sheriff McConnell testified that, on the day of the robbery, he recovered a pair of tennis shoes from Williams. Based upon his memory of the shoe print at the scene of the crime, as well as his examination of a photograph of that shoe print in the pool of blood, he testified that the tennis shoe recovered from Williams had made the shoe print discovered at the scene of the crime. Appellant objected to the admissibility of this testimony on the ground that Sheriff McConnell had not been shown to be a "footwear expert."

Sheriff McConnell testified that he had been a law enforcement officer for fifteen years, that he had investigated over 40,000 cases, and that during that time, he had investigated cases involving footprints, tire tracks, and similar problems. It was based upon this experience as a law officer that Sheriff McConnell gave his opinion that the footprint at the scene of the crime was made by Williams' shoe. "Whether or not a witness is allowed to testify as an expert is a question for the sound discretion of the trial court and such discretion, unless abused, will not be disturbed. [Cit.] Generally nothing more is required to entitle one to give testimony as an expert than that he has been educated in the particular trade or profession; and special knowledge involving a particular subject may be derived from experience as well as study and mental application. [Cits.]" *Dennis v. State*, 158 Ga. App. 142, 143 (279 SE2d 275) (1981). We find no abuse of discretion. See generally *Colbert v. State*, 149 Ga. App. 266, 268 (3) (253 SE2d 882) (1979).

9. Appellant enumerates as error the denial of his motion for a directed verdict of acquittal as to the armed robbery charge.

" 'A trial court must grant a motion for directed verdict unless, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. [Cit.]' [Cit.] Viewing the evidence in the instant case most favorably for the [S]tate, a rational trier of fact could have found proof of [appellant's guilt of armed robbery] beyond a reasonable doubt." *Stephens v. State*, 170 Ga. App. 342, 344-345

(317 SE2d 627) (1984).

Appellant also contends that the armed robbery conviction cannot stand because he was acquitted by the jury of aggravated assault. However, in the instant case, aggravated assault and armed robbery were different crimes as a matter of fact. See generally *Lambert v. State*, 157 Ga. App. 275 (277 SE2d 66) (1981); *Smith v. State*, 146 Ga. App. 444, 446 (4) (246 SE2d 454) (1978). Moreover, "each count in the indictment is regarded as if it were a separate one and consistency is not required in the verdict. [Cits.]" *Deering v. State*, 168 Ga. App. 835, 838 (310 SE2d 720) (1983).

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED MARCH 7, 1985 —
REHEARING DENIED MARCH 21, 1985.

*Floyd H. Farless*, for appellant.
*David L. Lomenick, Jr., District Attorney, Roland L. Enloe, Jr., David L. Whitman, Assistant District Attorneys*, for appellee.