## 55795. FLOWERS v. THE STATE.

SMITH, Judge.

Flowers was indicted for murder. He did not contest the fact that he shot the victim with a shotgun, resulting in the victim's death; he claimed the shooting was justified to protect himself. The jury found him guilty of voluntary manslaughter, and he appeals. We find that the trial court erred in charging the jury on the principle of mutual combat, and for that reason the conviction is reversed.

1. The trial court erred in charging the substance of Code § 26-902 (b) (3), which states that the defense of justification is not available when the killing resulted from combat by agreement. The evidence here did not show that there had been "combat by agreement" or "mutual combat" as those terms are understood within the context of the law of justification. The appellant and the victim had been engaged in a game they called "mercy"; the game was a simple showdown of strength where each man tried to out-grip the other's hand. Somehow, this contest evolved into a fist fight. From there, depending on which version of the evidence is correct, either the appellant reached for a nearby shotgun or the victim reached for a nearby rifle. According to the appellant's version of the facts, he withdrew from the altercation and reached for the shotgun only after the victim made his move toward a rifle. The state attempted to prove that the appellant withdrew from the altercation and, with malice, killed the victim with a blast from the shotgun. But there is no evidence showing that these men agreed to fight with weapons. "Mutual combat usually arises when the parties are armed with deadly weapons and mutually agree or intend to fight with them. Mutual combat does not mean a mere fist fight or scuffle." *Grant v. State,* 120 Ga. App. 244 (170 SE2d 55) (1969). The evidence offered some support for the appellant's claim of justification under Code § 26-902(a). To charge on mutual combat, when there is no evidence to support it, effectively cancels the justification defense; the charge was therefore error. See *Grant v. State,* 120 Ga. App. 244 (1b), supra, which held that the commingling of charges on

justification and mutual combat "is ipso fact harmful."

2. The statements made by the victim to a police officer who arrived at the scene and found the victim critically wounded, but conscious, "were spontaneous, made shortly after the occurrence, while [he] was in critical condition from [his] wounds, and at a time when [he] was primarily concerned with obtaining assistance." *Littles v. State,* 236 Ga. 651 (224 SE2d 918) (1976). It was not error to admit these statements. Id.

3. The enumeration concerning whether the prosecution was properly allowed to plead surprise and thus to cross examine and impeach its own witness is cured by the grant of a new trial.

4. The remaining enumerations are without merit and require no discussion.

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

SUBMITTED MAY 1, 1978 — DECIDED JULY 13, 1978.

*Parker & O'Callaghan, T. Peter O'Callaghan, Jr.,* for appellant.

*John T. Perren, District Attorney,* for appellee.