61601. WEBB v. THE STATE.

</div>

Pope, Judge.

Appellant was convicted of aggravated assault of a police officer. The police officer stopped appellant for driving erratically and then arrested him for driving under the influence when the officer noticed the strong odor of alcohol. Appellant began complaining about what he considered to be excessive force by the officer in conducting the search pursuant to the arrest. The officer attempted to place appellant into his patrol car when appellant and a passenger who had been riding with appellant began to struggle with the officer. A plain clothes detective who was driving by stopped and assisted the officer by subduing the passenger. However, as the officer and appellant continued to wrestle, appellant obtained control of the officer's gun which he fired three times, one round wounding the officer in the leg. The officer managed to regain possession of his gun and shot appellant, wounding him in the chest.

1. Appellant enumerates as error the trial court's charge as a whole concerning when a citizen is justified in resisting a lawful arrest by a police officer. The trial court correctly charged that an officer making an arrest for a misdemeanor violation may not use extreme or

deadly force merely to effect the arrest or to prevent the escape of the person. The court charged further that "a person is justified in using force against another when and to the extent that he reasonably believes that such use of force is necessary to defend himself against another's immediate use of unlawful force."

Appellant urges, however, that the judge's subsequent explanation of lawful and unlawful arrests may have led the jury to conclude that a person is never justified in resisting a lawful arrest. Appellant points out that the jury, after deliberating for some time, requested a clarification of the charge and submitted a question asking the court, "What would give a reasonable man the right to resist a lawful arrest?" The judge responded that "the question of reasonableness has nothing whatsoever to do with the right to resist arrest, because *there is no right to resist a lawful arrest. No right whatsoever.*" Later, in attempting to answer another question by the jury concerning lawful and unlawful arrests, the judge repeated this misleading statement by charging, *"If the arrest is lawful there is no right to resist the arrest itself."* Upon exception to the instructions, the judge recalled the jury and elaborated on the statement by instructing them that "[o]ne, *there is no right to resist a lawful arrest,* as I have told you already. Two, . . . an officer making a lawful arrest can only use that degree of force reasonably necessary to effectuate the arrest. Three, if an officer uses more force than is reasonably necessary, the arrest is still lawful but the use of more than reasonable necessary force would be unlawful." Finally, after elaborating on other applicable law, the judge properly informed the jury on the right to resist a lawful arrest by stating, "I brought you back out here to tell you one thing specifically, and that is that the mere fact that a lawful arrest has been made, of course, does not give a police officer the right to use an unlawful degree of force upon the person arrested. And a person arrested, even though lawfully arrested, has a right to resist the unlawful use of force upon the person arrested. And a person arrested, even though lawfully arrested, has a right to resist the unlawful use of force against his person to the extent that he reasonably believes it's reasonably necessary to resist him. That's the last thing. That's what I called you out here to tell you. The other things I have told you are nothing more than clarification of all the principles I have given you of these charges."

This court in *Cameron v. State,* 123 Ga. App. 282, 283 (180 SE2d 554) (1971) held: "Even though the subsequent portion of the charge was a correct statement of the law, 'the court should not give conflicting rules of law in charge and leave the jury to choose between them; where an erroneous statement is made it is not cured by a correct statement in another portion of the charge unless the jury's

attention is called to the correction by a retraction of the erroneous statement or in some other like manner.' "

In the present case the judge certainly drew the jury's attention to his charge of the correct principle of law by telling them that the corrective instruction was the "one thing specifically" that he had brought them out of the jury room to tell them. It was the last statement he gave them before they began their final deliberations. Although the judge did not specifically tell the jury to disregard his prior statements, which when taken alone were erroneous, the subsequent instructions were sufficient to prevent any harm which might have resulted had the instructions remained uncorrected; therefore no error resulted.

2. Appellant urges that the trial court committed error by charging the jury on that portion of Code Ann. § 26-902 (b) (3) which states that a person is not justified in using force against another if he was engaged in combat by agreement. There was no evidence here to indicate combat by agreement, but evidence was introduced that the appellant was the aggressor in the encounter. This fact made the reading of Code Ann. § 26-902 (b) (3), dealing with the loss of justification for using force if the person using force is the aggressor, permissible in the present case, even though a portion of the statute which incidentally contained a phrase dealing with the law of mutual combat was also charged. The giving of the entire code section was not error in the present case although a part was inapplicable under the facts in evidence. *Highland v. State,* 127 Ga. App. 518 (1) (194 SE2d 332) (1972).

Appellant argues that since the evidence did not show that there was an agreement between the officers and appellant to engage in mutual combat, it was error under this court's holding in *Flowers v. State,* 146 Ga. App. 692 (1) (247 SE2d 217) (1978) to give this charge concerning mutual combat. This case is distinguishable from *Flowers,* which involved a contest of strength where two men tried to out-grip the other's hand. It was error to charge mutual combat in that case because the jury could confuse the agreement to participate in the gripping contest as an agreement to fight, and this confusion could effectively destroy the defendant's defense of justification. In the present case a struggle between a police officer and a traffic offender evolved into a fist fight and a shooting. There was no indication that the officer and appellant had any mutual agreement prior to their fight, so there is not the same possibility of error here as there was in *Flowers.*

3. Appellant contends as error the trial court's charging the law of voluntary intoxication. The evidence indicated that appellant had been drinking before his arrest, he was stopped for driving erratically

and the officer noticed the strong odor of alcohol on him. Thus, the charge given, that voluntary intoxication is not an excuse for the commission of a crime, was authorized. Code Ann. § 26-704; *Taylor v. State,* 229 Ga. 536 (3) (192 SE2d 249) (1972).

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED JULY 14, 1981 —
REHEARING DENIED JULY 28, 1981

*Charles R. Desiderio,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Carole E. Wall, Assistant District Attorneys,* for appellee.