A89A1664. LOVE v. THE STATE.
A89A1665. PEPPERS v. THE STATE.
(391 SE2d 447)

CARLEY, Chief Judge.

Appellants were jointly indicted for battery and for felony obstruction of a police officer. In addition, appellant Love was indicted for public drunkenness. After they were tried before a jury and found

guilty of all counts, appellants filed separate notices of appeal but a joint enumeration of errors. The two appeals are hereby consolidated for appellate disposition in this single opinion.

1. The trial court's refusal to give appellants' request to charge on self-defense is enumerated as error.

As to the battery count, appellants did adduce evidence that the victim had struck the first blow. However, such evidence, standing alone, would not be sufficient to show that appellants' subsequent acts of striking the victim were necessarily justified. "It does not follow that the defendant was justified merely because he [struck] *after* the [victim] had [struck] him. The [victim] might have *abandoned* the combat, and then the defendant clearly would not have been justified in [striking back]. To constitute a *justification*, something more must appear than the single fact that the defendant did not [strike] until an attempt had been first made to [strike] him." (Emphasis in original.) *Allen v. State*, 28 Ga. 395, 397 (2) (1859). Appellants' evidence showed only that they had struck the victim in *retaliation* and not that they had done so in the reasonable belief that striking him was a necessary defensive response to any *continuing* use of force on his part. See generally *Veasley v. State*, 142 Ga. App. 863, 866 (6) (237 SE2d 464) (1977). Accordingly, the evidence did not authorize a charge on self-defense as to the battery count and the trial court did not err in refusing to give it.

As to the felony obstruction of a police officer count, the record shows that appellants did not admit committing the obstructionist acts that were alleged in the indictment and then seek to justify those acts as a necessary defense against the police officer's use of force against them. Rather, appellants testified that they had not committed those alleged obstructionist acts at all. Thus, under the evidence, appellants either committed the alleged acts of obstruction or they did not and no charge on self-defense as to the felony obstruction of an officer count was authorized. See *Kitchens v. State*, 228 Ga. 624, 625 (2) (187 SE2d 268) (1972); *Smith v. State*, 144 Ga. App. 766, 767 (2) (242 SE2d 363) (1978). Compare *Jackson v. State*, 154 Ga. App. 867, 868 (2) (270 SE2d 76) (1980).

2. The trial court's refusal to give appellants' request to charge on resisting an unlawful arrest is enumerated as error.

There was no evidence to authorize a finding that appellants' alleged obstructionist acts had been undertaken as a response to the officer's efforts to effectuate an arrest, illegal or otherwise. Moreover, as discussed in Division 1, appellants did not admit commission of the alleged obstructionist acts but, rather, denied having committed those acts. There being no evidence to authorize a charge on resisting an unlawful arrest, it was not error for the trial court to refuse to give it.

3. The trial court's refusal to give the following request to charge

is enumerated as error: "I charge you that you may consider evidence of a previous difficulty between a defendant and victim which illustrates the state of feeling between them."

As phrased, the request states no more than a truism. Since testimony concerning prior difficulties between appellant Peppers and the officer had been admitted into evidence, the jury was certainly aware that it was entitled to "consider" that testimony as evidence which illustrated the state of feeling between those two. If appellant Peppers wanted the jury charged on the specific evidentiary *purpose* for which it would be entitled to consider the state of feeling between himself and the officer, a request for such a charge should have been made. Moreover, insofar as it might be urged that the existence of the prior difficulties was relevant to the issue of self-defense and that the jury should have been instructed that the evidence was admissible for the purpose of showing the reasonableness of appellants' apprehension of the officer at the time of the commission of the alleged obstructionist acts (see *Neal v. State*, 160 Ga. App. 498, 500 (2) (287 SE2d 399) (1981)), there was no error. As discussed in Division 1, appellants did not otherwise seek to justify their alleged obstructionist acts on the basis of self-defense, but defended on the basis that they had not committed those acts.

4. The trial court did not err in failing to give a charge on misdemeanor obstruction of an officer as a lesser included offense, since appellants filed no timely written request for such a charge. *Stonaker v. State*, 236 Ga. 1, 2 (3) (222 SE2d 354) (1976). Moreover, even if such a timely written charge had been requested, it would not have been erroneously refused because, under the evidence, appellants were guilty of felony obstruction of the officer, or they were guilty of no crime at all. See generally *Santone v. State*, 187 Ga. App. 789, 791 (2) (371 SE2d 428) (1988).

5. The failure to object in the trial court precludes appellate consideration of what appellants urge was an alleged instance of improper closing argument by the State. *Allen v. State*, 233 Ga. 200, 201 (2) (210 SE2d 680) (1974).

*Judgments affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 21, 1990.

*Walter B. Harvey*, for appellants.
*Timothy G. Madison, District Attorney*, for appellee.