A90A1593. EVANS v. THE STATE.
(402 SE2d 323)

COOPER, Judge.

Appellant appeals her conviction by a jury of obstruction of a police officer and the resulting sentence.

1. Appellant first argues that the evidence presented at trial does not support the conviction. According to the testimony of the two police officers at the scene, they responded to a call regarding a domestic fight at the appellant's residence. This was the third call that day involving members of appellant's family and in the vicinity of appellant's residence. When they arrived at appellant's house, appellant was in the yard, was obviously upset and was talking about some fel-

low who took her car. She then told them that everything was all right and she did not need them anymore. As the officers were leaving, they saw appellant's vehicle swerving down the road, spinning its tires up appellant's driveway and being driven erratically until it stopped in appellant's yard. The officers saw that appellant's boyfriend, Major Veal ("Veal"), was driving the car. On one of the earlier calls in the day, one of the officers had seen Veal drinking alcohol, had smelled alcohol on his breath and had noticed that his speech was slurred. Both officers were aware that Veal did not have a driver's license because they knew his license had been turned into the police station as a lost license. The officers walked up to Veal as he got out of the car, and they could both smell a strong odor of alcohol about him. The officers then advised Veal that they were placing him under arrest for driving under the influence, and they were going to take him to the police station for a breath test. At that point, appellant began to curse and told the officers that they were not going to take Veal anywhere, and when they began to handcuff Veal, appellant physically pushed through to prevent the arrest. One of the officers held her hand and nudged her back to prevent interference and told her that if she continued she also would be arrested. The officer testified that appellant got progressively more violent and was fighting the officer by pulling, scratching, slapping, pulling hair and pushing the officers. A fracas ensued involving appellant, Veal and many other people who appeared from the neighborhood. The officers managed to subdue appellant and certain others and placed them under arrest. The doctor who examined appellant when she was taken to the police station testified that she was antagonistic and was fighting, cursing and admitted to heavy alcohol consumption. Veal testified at trial that he had taken appellant's car on an errand, and when he returned, the officers approached appellant and began to yell at her. When she told them to get out of her yard, one of the officers pushed her with both hands at which point Veal told the officer not to push appellant like that. Veal stated that the officers then placed him under arrest with no explanation and began to hit and cut his hands with the handcuffs. A fight then broke out, with the officers hitting appellant and attempting to choke Veal. Both officers testified that they did not hit or push appellant prior to the commencement of the fight. Viewing the evidence in a light most favorable to the verdict, the evidence is sufficient to sustain a finding of guilt of the offense charged by a rational trier of fact beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant next contends that she was justified in resisting and in trying to prevent the arrest of Veal because that arrest was without probable cause and was illegal. Since Veal is not an appellant in this case, the issue of the probable cause to arrest him has not been di-

rectly raised. However, assuming arguendo that the arrest was unlawful, it has been held that " '[i]n resisting an unlawful arrest, one is justified in using force, but only such force as is reasonably necessary to prevent the arrest, i.e., force proportionate to the force being used in the unlawful detention. (Cits.) Thus, an arrestee is never justified in assaulting an arresting officer unless the officer has assaulted him first. . . .' [Cit.]" *Sosebee v. State*, 169 Ga. App. 370 (1) (312 SE2d 853) (1983). In the instant case, "there was ample evidence upon which a rational trier of fact could have concluded beyond a reasonable doubt that appellant was not assaulted by the police officers and that the appellant resisted the arrest with disproportionate force. It follows that the jury was entitled to reject [her] defense of justification. . . ." Id. at Division 1.

3. Appellant finally argues that she was justified in resisting Veal's arrest because the officers used unreasonable force. " 'An appellate court considers only the sufficiency and not the weight of the evidence. (Cit.) The evidence, while not without conflict, authorized the jury to believe that appellant did not act in self-defense. (Cit.)' [Cit.]" *Steele v. State*, 166 Ga. App. 24, 26 (2) (303 SE2d 462) (1983).

*Judgment affirmed. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED FEBRUARY 12, 1991.

*Waddell, Emerson, George & Buice, Hulane E. George*, for appellant.

*Joseph H. Briley, District Attorney, Fredric D. Bright, Assistant District Attorney*, for appellee.