A91A1863. ESCHENA v. THE STATE.
(417 SE2d 214)

POPE, Judge.

Defendant Anthony Eschena and two co-defendants, Huffman and McKinney, were accused of armed robbery of a convenience store. The co-defendants pled guilty and the pleas were accepted on the condition that they give truthful testimony at defendant Eschena's trial. Defendant was convicted and appeals.

1. At trial, co-defendant Huffman testified that defendant actively participated in the robbery. Guns and a ski mask identified as those used in the commission of the crime were found in the defendant's trailer. We reject defendant's argument that the evidence was insufficient to enable a rational trier of fact to find proof of guilt beyond a reasonable doubt. The testimony of the co-defendant, corroborated by circumstantial evidence, was sufficient to support the conviction. See OCGA § 24-4-8. Although the second co-defendant refuted his earlier statements and testified that he committed the crime alone without defendant's assistance, the credibility of the witnesses and the weight to be given their testimony is a question of fact for the jury. See *Lawrence v. State*, 198 Ga. App. 287 (4) (401 SE2d 275) (1991). Sufficient evidence was presented for the jury to find defendant guilty beyond a reasonable doubt.

2. The second co-defendant, McKinney, gave earlier sworn and unsworn statements that defendant committed the crime, but at trial refuted those statements and testified he committed the crime alone, without defendant's assistance. Ultimately, the witness became belligerent and, after consulting his own attorney, informed the trial court he wished to withdraw his guilty plea and refused to testify further. The State then offered the witness use immunity for his testimony at defendant's trial, but he continued to refuse to testify.

Defendant argues the trial court violated his right to due process

by failing to strike the testimony of the recalcitrant witness. We note, however, that defendant's attorney never moved to strike the testimony. An error not raised at trial cannot be considered on appeal. *Barnwell v. State*, 197 Ga. App. 116 (397 SE2d 717) (1990). Defendant also argues the trial court erred by vacating the witness' sentence on his guilty plea, thereby denying defendant the opportunity to cross-examine him because he then had the right to refuse to testify. First, we note that the withdrawal of the witness' guilty plea was never accepted by the trial court. Moreover, the witness was offered use immunity, after which he had no right to refuse to testify. See OCGA § 24-9-28. After use immunity was offered, no further questions were asked of the witness. Defendant's counsel had already cross-examined the witness before he stated his desire to withdraw his plea and testify no further. Defendant's counsel then refused to question the witness further, "whether that's a waiver or not . . . ." After the offer of use immunity, defendant's counsel was again offered the opportunity for further cross-examination but he declined. At the request of the prosecuting attorney, the trial judge offered the defendant, himself, the opportunity to ask questions of the witness, but he also declined. Thus, the record shows defendant exercised the opportunity to cross-examine the witness and expressly waived his right for further cross-examination after use immunity was offered to the witness. No denial of due process is shown.

3. We also reject defendant's argument that the trial court violated his right to due process and to a fair trial by allowing the prosecuting attorney to "pistol whip" the recalcitrant witness when he refused to incriminate the defendant. We have examined the record and, contrary to defendant's argument, conclude no improper threats or comments were made by the prosecuting attorney in the presence of the jury. He was merely reminded, outside the presence of the jury, that the sentence based on his negotiated guilty plea could be vacated and informed that he was subject to prosecution for perjury for inconsistent sworn statements made to the court. Moreover, the record shows the witness never changed his testimony after he was so admonished and never offered testimony incriminating to the defendant. In light of the witness' prior inconsistent statements incriminating the defendant, the State's efforts to impeach him were proper. See *Warren v. State*, 197 Ga. App. 23 (397 SE2d 484) (1990). The credit to be given a witness' testimony after he has been impeached by contradictory out-of-court statements is a question for the jury. *Arnold v. State*, 198 Ga. App. 514 (402 SE2d 312) (1991).

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED MARCH 16, 1992 —
RECONSIDERATION DENIED APRIL 1, 1992 — 

*Alden W. Snead, J. M. Raffauf*, for appellant.
*David McDade, District Attorney*, for appellee.