## A99A0406. ALLEN v. THE STATE.
(516 SE2d 788)

Judge Harold R. Banke.

Johnathan Allen was convicted of committing an aggravated assault on City of Marietta Police Officer Harvey by kicking him about the head and of obstruction of Officer Doyle in the lawful discharge of his official duties. Allen raises issues concerning the sufficiency of the evidence and the legality of his detention by Officer Harvey.

Marietta Police Lieutenant Spradley and Officers Harvey and Doyle responded to a report of drugs being sold from a red pickup truck in the parking lot of Hunter's Package Store, an area notorious for illegal drug activity. Spradley first arrived on the scene, observed the described vehicle, and ascertained that Beasley was the owner and Allen the passenger. The other officers arrived moments later, and at Spradley's request, Harvey began to question Allen and Doyle questioned Beasley. Spradley explained the purpose of the investigation to both Beasley and Allen and assured them that they would be free to leave "if everything checked out." Pursuant to standard procedure, Harvey then placed Allen in the back of his patrol vehicle to question him. Spradley testified that Harvey left Allen's door open.

As Doyle was questioning Beasley, he heard the sound of an altercation and then saw Allen kicking Harvey in the head while Harvey was lying on the ground with his face down. Doyle testified that this occurred within two minutes after he arrived on the scene. According to Doyle, as Harvey had his arms wrapped around one of Allen's legs, Allen kicked him at least seven times. Doyle came to Harvey's assistance and sprayed Allen with pepper spray.

Allen fled the scene. When Doyle apprehended him, Allen initiated a fistfight with the officer and attempted to grab his gun belt. Another officer then came to Doyle's assistance, and Allen was handcuffed. Police released Beasley after a consent search of his truck failed to reveal any contraband or weapons.

Harvey suffered a blunt head injury causing him to be hospitalized for two weeks, to miss work for an additional five weeks, and to lose any recollection of the events surrounding the assault. As a result of a groin injury, he was temporarily required to wear a catheter. At the time of trial, he continued to suffer post-concussion syndrome and remained under a neurologist's care. Spradley testified that, immediately after the assault, Harvey kept drifting in and out of consciousness and saying, " '[h]e stomped me in the head; he stomped me in the head.' "

Allen testified that after Harvey placed him in the back of his patrol car, Harvey abruptly informed him that he was under arrest and instructed him to exit the vehicle. Allen claimed that when he

inquired into why he was being arrested, Harvey assaulted him. Allen denied kicking Harvey in the head or hitting Doyle or resisting arrest by him. Allen maintained that after he was placed in the patrol vehicle, the door was closed. *Held*:

1. Allen complains of the trial court's denial of his motion for new trial on the general grounds. On appeal, the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), is the proper test for challenges to the sufficiency of the evidence arising from the overruling of a motion for new trial. *Clay v. State*, 214 Ga. App. 160 (1) (447 SE2d 156) (1994). Viewed in a light most favorable to the prosecution, the evidence was sufficient to have authorized any rational trier of fact to find the essential elements of the crimes of which Allen was convicted beyond a reasonable doubt. *Gray v. State*, 213 Ga. App. 507, 509 (1) (445 SE2d 328) (1994).

2. Allen also complains of the trial court's denial of his motion for directed verdict on the ground that his detention by Officer Harvey constituted an illegal arrest unsupported by probable cause.

"A motion for a directed verdict in a criminal case should only be granted when there is no conflict in the evidence and the evidence demands a verdict of acquittal as a matter of law. [Cits.]" *White v. State*, 233 Ga. App. 24, 25 (503 SE2d 26) (1998). Here, there is conflicting evidence on the question of whether Allen was subjected to a full-blown arrest requiring probable cause or an investigatory detention requiring only reasonable suspicion. See *Pless v. State*, 218 Ga. App. 603, 605 (2) (462 SE2d 472) (1995). Moreover, in resisting an unlawful arrest, one is justified in using only such force as is reasonably necessary to prevent the arrest. *Evans v. State*, 198 Ga. App. 551, 553 (2) (402 SE2d 323) (1991). Even if Allen was arrested unlawfully, there is abundant evidence to support a finding that his use of force was excessive. He was not entitled to a directed verdict.

3. Allen charges the trial court with error in failing or refusing to give the jury instructions on the circumstances under which a law enforcement officer may effect a lawful arrest as delineated in OCGA § 17-4-20 (a), the right of a person to resist an illegal arrest as recognized in *Evans v. State*, supra, and mistake of fact under OCGA § 16-3-5.

But when Allen testified, he denied either kicking Harvey or obstructing Doyle. He in no way claimed that he was resisting any unlawful arrests. Therefore, the charges at issue were not authorized by the evidence. See *Willingham v. State*, 235 Ga. App. 475, 476 (2) (509 SE2d 744) (1998); *Love v. State*, 194 Ga. App. 601, 602 (2) (391 SE2d 447) (1990). Moreover, a mistake as to the legality of an arrest would constitute a mistake of law, and "[f]ailure to give a charge on mistake of fact is not error where the evidence shows that a party has made a mistake of law. [Cit.]" *Turner v. State*, 210 Ga. App. 303,

304 (1) (436 SE2d 229) (1993). The trial court properly instructed the jury on the essential elements of the crimes charged. We find no error.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED APRIL 23, 1999 — 

*Robert A. Maxwell*, for appellant.

*Patrick H. Head, District Attorney, Frank R. Cox, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.