A99A1587. McBEE v. THE STATE.
(521 SE2d 209)

RUFFIN, Judge.

A jury found Michael McBee guilty of rape, aggravated sodomy, and sodomy. The trial court merged the aggravated sodomy and sodomy counts and entered judgment against McBee on the rape and aggravated sodomy counts. We affirmed McBee's convictions in *McBee v. State*, 228 Ga. App. 16 (491 SE2d 97) (1997). McBee then moved to vacate his convictions on the sodomy and aggravated sodomy charges, asserting that those convictions were void in light of the Supreme Court's ruling in *Powell v. State*, 270 Ga. 327 (510 SE2d 18) (1998). The trial court denied the motion, and McBee appeals. We affirm.

As an initial matter, the trial court's authority to vacate or modify a judgment ends with the expiration of the term of court in which the judgment was entered. See *State v. Kight*, 175 Ga. App. 65, 66 (1) (332 SE2d 363) (1985); *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991). However, "[a]n exception exists where a sentence is void, i.e., where the court has imposed punishment which the law does not allow." *Battle v. State*, 235 Ga. App. 101, 102 (508 SE2d 467)

(1998). "Where a sentence is void, . . . the court may resentence the defendant at any time." *Crumbley*, supra.

McBee contends that the Supreme Court's decision in *Powell* renders his sodomy and aggravated sodomy convictions void. This contention is without merit. *Powell* held that the sodomy statute, OCGA § 16-6-2, was unconstitutional only to the extent it criminalized "the performance of private, unforced, non-commercial acts of sexual intimacy between persons legally able to consent." *Powell*, supra at 336 (3). See *Johnson v. State*, 236 Ga. App. 764, 766 (4) (513 SE2d 291) (1999). To convict a defendant of aggravated sodomy, however, the jury must find that the defendant committed sodomy "with force and against the will of the other person." OCGA § 16-6-2 (a). Thus, *Powell* did not render McBee's conviction for aggravated sodomy void, and the trial court did not err in denying McBee's motion to vacate the conviction. See *Johnson*, supra. Although the jury also found McBee guilty of simple sodomy, the trial court did not enter judgment on that count, but merged it with the aggravated sodomy conviction. Thus, the only crimes for which McBee was in fact convicted were rape and aggravated sodomy. See *Mackey v. State*, 235 Ga. App. 209 (1) (509 SE2d 68) (1998).[1]

*Judgment affirmed. McMurray, P. J., and Andrews, P. J., concur.*

DECIDED JULY 23, 1999.

Michael J. McBee, *pro se*.

*Herbert E. Franklin, Jr.*, District Attorney, *Christopher A. Arnt*, Assistant District Attorney, for appellee.

---

[1] Contrary to McBee's contention, the Supreme Court in *Powell* did not redefine aggravated sodomy so as to make it indistinguishable from rape, as the two crimes have different elements. See OCGA §§ 16-6-1 (a); 16-6-2 (a).