## A01A1228. ESHENA v. THE STATE.
(554 SE2d 814)

RUFFIN, Judge.

In April 1988, a jury found Anthony Eshena guilty of armed robbery, and the trial court sentenced him to life in prison. Eshena appealed his conviction, and we affirmed.[1] In August 2000, Eshena filed "A Petition to Correct Void Sentence," arguing that the trial court's failure to conduct a presentencing hearing rendered his sentence void. The trial court denied Eshena's petition, and this appeal ensued. For reasons that follow, we affirm.

As a general rule, a "trial court's authority to vacate or modify a judgment ends with the expiration of the term of court in which the judgment was entered."[2] "However, an exception exists where a sentence is void, i.e., where the court has imposed punishment which the law does not allow."[3]

The term of court in which Eshena was sentenced expired years ago. Eshena nonetheless contends that the trial court has the authority to modify his sentence. According to Eshena, his sentence was void because the trial court imposed it without conducting a presentence hearing, to which he was entitled under OCGA § 17-10-2 (a). We disagree. As the Supreme Court concluded in *Williams v. State*,[4] "a trial court's failure to hold a presentence hearing in a non-death penalty case, such as the present one, does not render a sentence void."[5] Thus, the trial court had no authority to modify Eshena's sentence, and it correctly denied his petition.[6]

Because the Supreme Court reached its decision in *Williams v. State* long after Eshena committed his crime, he argues that the application of this case to his situation violates the prohibition against ex post facto laws. Again, we disagree. An ex post facto law is one that was passed after a crime, which retrospectively alters the legal consequences of the act.[7] Such ex post facto laws are constitutionally prohibited.[8] However, "[w]hen the newly promulgated 'law' is a judicial decision, then retroactive application is favored."[9] Although there are exceptions to this general principle, Eshena fails to demonstrate how any such exception would apply to his case, and we fail to

---

[1] See *Eschena v. State*, 203 Ga. App. 621 (417 SE2d 214) (1992).
[2] *McBee v. State*, 239 Ga. App. 314 (521 SE2d 209) (1999).
[3] (Punctuation omitted.) Id.
[4] 271 Ga. 686 (523 SE2d 857) (1999).
[5] Id. at 689 (2).
[6] See id.; *McBee*, supra.
[7] See Black's Law Dictionary (4th ed. 1968), p. 662.
[8] See Ga. Const. of 1983, Art. I, Sec. I, Par. X.
[9] (Punctuation omitted.) *Ellis v. State*, 272 Ga. 763, 765 (1) (534 SE2d 414) (2000).

see why *Williams* should not be applied.[10]

Finally, Eshena argues that he received ineffective assistance of counsel based upon his trial attorney's apparent waiver of Eshena's right to a presentence hearing. It is well established that a claim of ineffective assistance must be raised at the earliest opportunity, and failure to do so procedurally bars a future claim.[11] The record shows that Eshena was represented by one attorney at trial and by two new attorneys from the public defender's office during his appeal. The new attorneys submitted an amended motion for new trial, but declined to add the ineffectiveness issue. Thus, Eshena, through his appellate counsel, had an opportunity to raise his ineffectiveness claim. By failing to do so, he has waived this issue on appeal.[12]

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 10, 2001.

Anthony M. Eshena, *pro se.*
*David McDade, District Attorney*, for appellee.

---

[10] See id.

[11] *Wilcox v. State*, 236 Ga. App. 235, 238-239 (4) (511 SE2d 597) (1999); *Howard v. State*, 233 Ga. App. 724, 730 (7) (505 SE2d 768) (1998).

