## A03A0221. LONG v. THE STATE.
(583 SE2d 158)

ADAMS, Judge.

Charles Andrew Long appeals after a jury convicted him of driving under the influence to the extent that he was a less safe driver, obstruction of an officer, improper turn signal, open container violation and laying drag. He asserts that the trial court erred in not allowing him to present the defenses of justification and self-defense to the obstruction charge. He also asserts that there was insufficient evidence to support his DUI and obstruction convictions. We affirm.

At approximately 10:15 p.m. on October 9, 2001, Officer Darren Summers of the Clayton County Police Department observed Long's minivan at an intersection. Summers saw Long rev his engine while making a wide turn, causing the rear of his van to fishtail. He said that Long also failed to use his turn signal. Summers initiated a traffic stop and observed that Long's eyes were red, glassy and a little bit watery. He could also smell the distinct odor of alcohol. In response to the officer's questioning, Long admitted that he had consumed two beers.

Summers then asked Long to submit to a field sobriety evaluation, and he agreed. Summers administered the horizontal gaze nystagmus (HGN), the walk and turn, the one-leg stand and the finger-to-the-nose tests, among others. Summer testified that Long showed positive for all six indicators of the HGN test. Long also had trouble maintaining his balance during the walk and turn test.

While Summers was instructing Long on the one-leg stand test, Long interrupted him and went into a "Tae Kwon Do" stance to demonstrate his balance, but then he was unable to perform the test without swaying, putting his foot down or holding his arms out. Long was similarly unable to smoothly perform the finger-to-nose exercise. Based on this performance, Summers concluded that Long was under the influence and was impaired.

Summers then asked Long to blow into an alco-sensor device, but he refused. Nevertheless, based upon Long's performance on the roadside tests, Summers decided to take him into custody. He asked Long to face the police car and put his hands behind his back, but did not inform him that he was under arrest. Long obeyed the officer's instructions, but when Summers grabbed his arm to apply the handcuffs, Long pulled away. Summers then pushed him down on the hood of the police car. He gave Long verbal commands to comply, but

Long kept pushing and wiggling in an attempt to get away. Summers testified that Long then became totally uncooperative. He began shouting obscenities and started to pull away from Summers. Summers gave Long a forearm strike to the shoulder blades to get him to comply, which was within police department policy. He said it was intended to temporarily stun Long so that he could place the handcuffs on him. He said this was an effort to ensure his own safety, as well as Long's safety.

During this period, Summers informed Long that he was under arrest for DUI. But Long continued to be "resistant, combative and argumentative," according to Summers, so he administered a second, harder forearm strike. In response, Long broke from his grasp, started to spin away from him and continued to argue with the officer. At that point, Summers struck Long with his hand, and Long fled. Summers radioed for backup and ran after him, while instructing him to get on the ground. When Summers got close enough, he swept Long's feet out from under him and pinned him with his knee until other officers arrived. At that point, they were able to handcuff Long and take him into custody.

1. Long asserts that the trial court erred in refusing to allow him to assert the affirmative defenses of justification and self-defense to the charge of obstruction and in failing to charge the jury on such defenses.

A person commits the offense of obstruction of a law enforcement officer when he "knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties." OCGA § 16-10-24 (a). A lawful arrest is within the lawful discharge of an officer's duties. In a lawful arrest based upon probable cause, an officer has the right to use that force reasonably necessary to effect the arrest, and the defendant does not have the right to resist the use of such reasonable force. If an arrest is unlawful, however, the defendant has the right to resist the unlawful arrest with all force reasonably necessary to prevent the arrest. But even in a lawful arrest, an officer may not use more force than is reasonably necessary under the circumstances. And when an officer uses excessive force, a defendant has the right to resist to the extent reasonably necessary. See *Allen v. State*, 237 Ga. App. 744, 745 (3) (516 SE2d 788) (1999); *Smith v. Holeman*, 212 Ga. App. 158, 160 (3) (441 SE2d 487) (1994); *Mullis v. State*, 196 Ga. 569, 578-580 (5)-(7) (27 SE2d 91) (1943).

The trial court's charge to the jury accurately and fully stated these principles of Georgia law, and we find no error in the charge. See *Cunningham v. State*, 221 Ga. App. 341, 342 (3) (471 SE2d 273) (1996).

Moreover, we find that Long was not improperly prevented from

presenting any defenses to which he was entitled. When, as here, a charge of obstruction arises during the course of an arrest, the defendant may defend against the charge by arguing that he was justified in resisting because the arrest was without probable cause, or, in the alternative, because the force used against him was excessive. Long raised both defenses at trial. This Court has held that an argument that the arrest was unlawful does not state an affirmative defense to a charge of obstruction. Rather, that argument is an assertion that the state has failed to prove an essential element of the offense — a lawful arrest. *Green v. State*, 240 Ga. App. 774, 776 (1) (525 SE2d 154) (1999). The trial court's charge properly submitted this issue to the jury by listing the elements of obstruction and placing the burden upon the state to prove each element. And the trial court fully charged the jury that a defendant has the right to resist a lawful arrest when excessive and unlawful force is used in effectuating the arrest. Accordingly, we find that the issues were properly submitted to the jury for consideration.

2. We also find, based upon our review of the record, that the evidence at trial was sufficient to sustain the convictions for DUI and obstruction. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED JUNE 4, 2003.

*John A. Beall IV*, for appellant.
*Keith C. Martin, Solicitor-General, Linda T. Day, Assistant Solicitor-General*, for appellee.