Branch, Judge.
On appeal from his conviction for disorderly conduct and misdemeanor obstruction of a law enforcement officer, Eric Haygood argues *190 that the evidence does not support the verdict and that the trial court erred when it refused his request for a jury instruction as to a person’s right to use proportionate force in resisting an arresting officer’s use of excessive force. We find no error and affirm.[1]
“On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence.” Reese v. State, 270 Ga. App. 522, 523 (607 SE2d 165) (2004) (citation omitted). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the prosecution, “any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Jackson v. Virginia, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).
So viewed, the record shows that at around 3:00 a.m. on December 17, 2009, Haygood’s brother heard Haygood having a “loud conversation” in the bedroom Haygood shared with their elderly father, who suffered from the early stages of dementia. The brother asked Haygood and their father to quiet down so they would not wake up their mother and his teenaged daughter, who were sleeping in the other bedroom. The brother testified that Haygood “got agitated” with him and told him to leave the room and keep out of it. Haygood then went toward the kitchen, followed by their father and their mother, who was now out of bed complaining about the noise. Hay-good’s father told the brother to call the police.
The brother put on a coat and went outside to call 911. He told a dispatcher that Haygood was “high” and was arguing and waking up the whole house. He told the dispatcher that he told Haygood to quiet down and that Haygood then went in the kitchen and got a knife. He also told the dispatcher that no one could go to sleep because they did not feel safe. Haygood and his father both came outside. The brother called 911 a second time and told the dispatcher that the police needed to hurry up and come out because Haygood was standing out in the street “with his hand up under his coat [as if] he had a gun,” acting as if he was “fixing to sho[o]t [their] daddy out in the street right now.”
Officer M. W. reached the residence first, at 4:00 a.m., followed closely by three other officers. Officer M. W. testified that he encoun *191 tered Haygood’s brother outside, and the brother told him that Haygood was threatening him and their father and that Haygood went into the kitchen and retrieved a knife and, with the knife in hand, began verbally assaulting their father.
After Officer M. W. spoke with Haygood’s brother outside, he went into the house with Officer R. L. to speak with Haygood and assess the situation. Officers N. M. and A. R. arrived next. Officer M. W. and Officer R. L. testified that Haygood was in the hallway, and they asked to speak with him outside. Haygood first asked why, and they did not give him a reason but reiterated their request. Haygood then responded vehemently that he was not going anywhere and yelled that he was not going to jail. Officer M. W. testified that this response indicated that verbal commands were not enough and the situation was “about to be physical.” Officer R. L. testified that, because Haygood had been causing a confrontation in his parents’ house and they wanted him removed, he had to leave the premises. Officer R. L. testified that, after Haygood said he was not going anywhere, the officers “decided to go hands-on with him.” Officer M. W. testified that he grabbed Haygood, who yanked away and hit Officer R. L. near the shoulder with a closed fist; Officer N. M. also testified that Haygood hit Officer R. L. with a closed fist. Officer R. L. testified somewhat differently that, when they grabbed Haygood, Haygood pulled his arm back and his elbow hit Officer R. L. in the chest.
As the struggle escalated, the officers and Haygood fell through the doorway, into the living room, and onto a coffee table; Haygood landed face-down on the floor with his hands underneath him. Officer N. M. put his knee against Haygood’s back, pinning him to the ground. According to Officer M. W. and Officer R. L., they instructed Haygood to show his hands, but he failed to do so and continued to struggle and curse. As Haygood appeared to reach for a metal dumbbell under a nearby sofa, the officers struck Haygood with their batons. The officers then handcuffed Haygood and searched him; he was not armed.
1. Haygood first contends that there is no evidence to support his convictions for disorderly conduct and misdemeanor obstruction. We disagree.
(a) Disorderly conduct. Under OCGA § 16-11-39 (a) (1), a person commits the offense of disorderly conduct when that person “[a]cts in a violent or tumultuous manner toward another person whereby such person is placed in reasonable fear of the safety of such person’s life, limb, or health[.]” The State charged Haygood with “act[ing] in a violent and tumultuous manner towards [his brother and his father,] *192 whereby said [persons] were placed in reasonable fear of said person^’] life, limb, and health[,] by using threatening language while reaching under his coat as if he had a weapon[.]”
Although there was no first-person testimony regarding whether Haygood’s conduct placed his father and brother in fear for their safety, we cannot say that there is no evidence that Haygood’s conduct placed them in such fear, given the brother’s statement to the 911 dispatcher that the home’s residents felt unsafe, the fact that the father told the brother to call the police, the urgency of the brother’s request for police assistance, and the other circumstances presented. Notwithstanding his later recantation at trial,[2] the brother’s recorded statements to the 911 dispatcher and his statement to the first responding officer (as testified to at trial by that officer) provided some evidence from which the jury could infer that Haygood acted in a “violent and tumultuous” manner by using threatening language toward them while holding a knife. It was for the jury to resolve any conflicts between the brother’s out-of-court statements and his trial testimony Eschena v. State, 203 Ga. App. 621, 622 (3) (417 SE2d 214) (1992). It was also for the jury to decide whether the father’s and brother’s fear was reasonable. See Mayhew v. State, 299 Ga. App. 313, 315-316 (1) (a) (682 SE2d 594) (2009) (evidence supported finding that the victim was placed in reasonable fear for her safety where the defendant followed her around a drug store, yelled in her face, pointed a finger at her, and called her several hateful epithets).
For all these reasons, the evidence supported Haygood’s conviction for disorderly conduct.
(b) Misdemeanor obstruction. The obstruction statute, OCGA § 16-10-24, provides in relevant part:
(a) Except as otherwise provided in subsection (b) of this Code section, a person who knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor.
(b) Whoever knowingly and willfully resists, obstructs, or opposes any law enforcement officer ... in the lawful discharge of his or her official duties by offering or doing violence to the person of such officer ... is guilty of a felony and shall, upon conviction thereof, be punished by imprisonment for not less than one nor more than five years.
*193 The indictment charged Haygood with felony obstruction of a law enforcement officer in that he “knowingly and willfully resisted], obstructed] or oppos[ed] [R. L.], a law enforcement officer with the Atlanta Police Department, in the lawful discharge of said officer’s official duties by doing violence to said person, by striking said officer[.]” The jury found Haygood guilty of the lesser included offense of misdemeanor obstruction.
Here, the evidence authorized the jury to find that, when Officer R. L. and the other responding officers first approached Haygood, they were lawfully investigating the domestic disturbance reported by Haygood’s brother, that his conduct interfered with the performance of the officers’ duties, and that by resisting them as they performed those duties, Haygood obstructed or hindered the officers. This evidence was sufficient to sustain his conviction for misdemeanor obstruction. See Dudley v. State, 264 Ga. App. 845, 846 (1) (b) (592 SE2d 489) (2003) (defendant’s striking of officer who was placing that defendant under arrest was sufficient to present a jury question on an obstruction charge).
2. Haygood contends that the trial court erred in refusing to give his requested jury instruction regarding a person’s right to use proportionate force against an officer’s excessive use of force. We disagree.
Where, as here, a party has timely objected to a trial court’s decision as to a jury instruction, we review that decision de novo. Johnson v. State, 323 Ga. App. 65, 68 (2) (744 SE2d 921) (2013), citing Collier v. State, 288 Ga. 756, 761 (1) (a) (707 SE2d 102) (2011) (Nahmias, J., concurring specially) (review of an objected-to jury charge is de novo, whereas “plain error” review applies when no objection is lodged).
As we recently noted, the obstruction statute “was amended in 1986, see Ga. L. 1986, p. 484, such that the offense of misdemeanor obstruction under the new statute no longer contains the element[ of violence as does the offense of felony obstruction.” Hoglen v. State, 336 Ga. App. 471, 475 (2), n. 3 (784 SE2d 832) (2016) (citation and punctuation omitted). The two elements of felony obstruction are thus (1) knowingly and wilfully offering or doing violence to an officer (2) in the lawful discharge of that officer’s duties, whereas the two elements of the lesser included offense of misdemeanor obstruction are (1) knowingly and wilfully resisting, obstructing or opposing an officer (2) in the lawful discharge of that officer’s duties. OCGA § 16-10-24 (a), (b); see also Drew v. State, 211 Ga. App. 688 (440 SE2d 82) (1994) (identifying misdemeanor obstruction as a “lesser included offense” of felony obstruction).
*194 The record shows that Haygood requested the suggested pattern charge on a person’s right to resist police’s excessive force by the use of proportionate force, as follows:
A police officer is authorized to use in making a lawful arrest only that degree of force that is reasonably necessary to accomplish the arrest. The mere fact that a lawful arrest is being made does not give the officer the right to use excessive force or an unlawful degree of force upon the person being arrested. A person being arrested, even though the arrest itself is lawful, has the right to resist the use of excessive and unlawful force by those making the arrest to the extent that the person reasonably believes that the degree of resistance used is necessary to defend against the officer’s use of unlawful or excessive force. In resisting, the person being arrested would not be authorized to use force that is unlawful or disproportionate to the amount of force necessary to prevent the unlawful force being used against the person.[3]
The trial court determined that “the requested jury charge on justification was not supported by the evidence at trial because Haygood failed to admit to the charged offenses.” In its order denying Hay-good’s motion for new trial, the trial court repeated that the charge was not authorized because “Haygood failed to admit to” using force against the officers engaged in lawfully arresting him.
There is no dispute that the arrest at issue here was accompanied by probable cause and was therefore lawful. Haygood, who did not testify, never admitted to using any force against the officers. Hay-good’s mother testified that she heard him ask them, “What have I done? I’m not doing anything,” and Haygood’s brother testified that because Haygood’s arms were pinned behind his back, it was “impossible” for Haygood to strike or kick any of the officers. In Haygood’s closing argument, he also denied that he had done violence to any of the officers.
A defendant who does not admit that he resisted an arrest forcibly is not entitled to a charge on his alleged right to do so. Ojemuyiwa v. State, 285 Ga. App. 617, 620 (1) (647 SE2d 598) (2007) (because defendant charged with obstruction did not admit to acts of striking or kicking an officer, she was not entitled to a charge on her *195 justified use of force); Allen v. State, 237 Ga. App. 744, 745 (3) (516 SE2d 788) (1999) (where a defendant did not claim that he resisted officers’ attempts to arrest him, a charge as to “the right of a person to resist an illegal arrest” was “not authorized by the evidence”) (citation and punctuation omitted). Because Haygood did not admit to using any force against the officers, he was not entitled to a charge on his allegedly justified use of reasonable force to resist his arrest, and the trial court did not err in refusing his request. Ojemuyiwa, 285 Ga. App. at 620 (1); Allen, 237 Ga. App. at 745 (3); see also Smith v. State, 301 Ga. App. 670, 675 (3) (b) (iii) (688 SE2d 636) (2009) (defendant was not prejudiced by counsel’s failure to request a charge on resisting excessive force when defendant testified that he did not resist the arresting officer); Love v. State, 194 Ga. App. 601, 602 (2) (391 SE2d 447) (1990) (trial court’s refusal to give a charge on resisting an unlawful arrest was not error when defendants “did not admit commission of the alleged obstructionist acts but, rather, denied having committed those acts”).[4]
For all these reasons, the trial court did not err when it denied Haygood’s motion for new trial.

Judgment affirmed.

Doyle, C. J., Andrews, P. J., Dillard, Ray and Mercier, JJ., concur. Ellington, P. J., Phipps, P. J., and Peterson, J., concur in Division 1 and dissent in Division 2.

 Although Haygood has served all of his time, his appeal is not moot because a “defendant is entitled to an opportunity to attempt to show that his conviction was invalid.” (Citations and punctuation omitted.) Chaplin v. State, 141 Ga. App. 788, 790 (1) (234 SE2d 330) (1977) (completing service of two months in custody for misdemeanor obstruction of an officer did not render appeal moot).

 The brother testified at trial that he had only “assumed” that Haygood would get a knife when he went into the kitchen and that he never actually saw Haygood with a knife. He also denied making a statement that night that Haygood had a knife in hand and was verbally abusing their father.

 See Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, § 3.16.40 (4th ed. 2007, updated July 2015), citing Webb v. State, 159 Ga. App. 403 (283 SE2d 636) (1981).

 Citing Long v. State, 261 Ga. App. 478 (583 SE2d 158) (2003), the dissent asserts that because Haygood has challenged the sufficiency of the evidence as to his conviction for misdemeanor obstruction, he was entitled to receive his requested charge on the permissible use of force. This assertion confuses the question whether an arrest was lawful as supported by probable cause, which was conceded in the requested charge itself, with the question whether Haygood was entitled to raise the affirmative defense of the justified use of force in resisting police’s excessive force. We also note that the defendant in Long had used force to resist his arrest, and there is nothing in the case to suggest that he presented evidence to the contrary. Id. at 479-480 (1).