ELLINGTON, Presiding Judge,
concurring in part and dissenting in part.
I concur fully in Division 1. For the reasons explained below, I respectfully dissent as to Division 2.
I believe that according to binding precedent the jury instruction that Haygood requested, regarding a person’s right to resist the use of excessive and unlawful force during the course of an arrest, concerns a challenge to the sufficiency of the evidence supporting an essential element of the offense of obstruction of an officer. The majority errs by instead categorizing the charge Haygood requested as concerning the affirmative defense of justification. This error led to the majority’s finding no error in the trial court’s determination *196 that the requested jury charge “was not supported by the evidence at trial because Haygood failed to admit to the charged offenses.” Because the theory of the requested charge about a person’s right to resist arrest was supported by some evidence, I believe that the trial court erred and that Haygood’s conviction for obstruction of an officer should be reversed.
Under Georgia law, when a person resists being arrested, whether the person is guilty of obstruction of a law enforcement officer involves consideration of two threshold factors: whether the basis for the arrest was lawful and whether the arrest was carried out in a lawful manner. As we have explained:
A person commits the offense of obstruction of a law enforcement officer when he “knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties.” OCGA § 16-10-24 [(a)]. A lawful arrest is within the lawful discharge of an officer’s duties. In a lawful arrest based upon probable cause, an officer has the right to use that force reasonably necessary to effect the arrest, and the defendant does not have the right to resist the use of such reasonable force. If an arrest is unlawful, however, the defendant has the right to resist the unlawful arrest with all force reasonably necessary to prevent the arrest. But even in a lawful arrest, an officer may not use more force than is reasonably necessary under the circumstances. And when an officer uses excessive force, a defendant has the right to resist to the extent reasonably necessary. ... When, as here, a charge of obstruction arises during the course of an arrest, the defendant may defend against the charge by arguing that he was justified in resisting because the arrest was without probable cause, or, in the alternative, because the force used against him was excessive. ... [A]n argument that the arrest was unlawful does not state an affirmative defense to a charge of obstruction. Rather, that argument is an assertion that the state has failed to prove an essential element of the offense — a lawful arrest.
(Citation and punctuation omitted.) Long v. State, 261 Ga. App. 478, 479-480 (1) (583 SE2d 158) (2003).[5] In other words, when a charge of *197 obstruction is based on a person’s conduct of resisting an arrest, for the State to carry its burden of showing that the law enforcement officer was “in the lawful discharge of his official duties,” the State must show that the arrest was based on probable cause and that it was carried out with a lawful degree of force. Long v. State, 261 Ga. App. at 479 (1).
These two factors pertinent to the lawfulness of an officer’s conduct in making an arrest — the basis for the arrest and the degree of force used — are reflected in a pair of suggested pattern jury instructions based on longstanding precedent. One instruction provides that, when the arrest itself is unlawful (the officer lacks probable cause), the person may resist the arrest with the degree of force that is reasonably necessary to prevent the arrest.[6] The other instruction provides that a person may resist an arresting officer’s unlawful or excessive use of force with the degree of force reasonably necessary to defend against the officer’s excessive use of force.[7]
Haygood’s requested charge followed verbatim the second of these suggested pattern jury instructions and is a correct statement of the law.[8] As explained above and as Haygood’s counsel argued during the charge conference, the requested instruction does not concern the legal affirmative defense of justification. The majority’s analysis contradicts the clearly stated rule that an argument that a person may resist an arresting officer’s unlawful or excessive use of force goes to the essential elements of the offense of obstruction and does not equate to the affirmative defense of justification in that context.[9] And this must be so, given the unique features of the offense *198 of obstruction. Under the majority’s analysis, any defendant who wishes to assert a right to resist the unlawful use of force must first admit to every essential element of obstruction. It is a hollow defense indeed that requires an unqualified admission of guilt.
In summary, because Haygood sought to challenge the sufficiency of the evidence that the degree of force was lawful, which is an essential element of the offense of obstruction, I believe that we must hold that the trial court erred in finding that the requested charge was inapplicable solely on the basis that Haygood failed to admit to obstruction as charged. Long v. State, 261 Ga. App. at 479 (1).
In addition, I believe that the requested charge was supported by at least slight evidence.[10] The jury heard evidence, though disputed in part, that four officers rousted Haygood out of bed at 4:00 a.m., refused to answer his request for a reason for their actions, then immediately grabbed him to forcibly remove him from the house, and then proceeded to pin him to the ground and beat him to the point that he soiled himself. This evidence authorized the jury to find that Haygood reasonably believed that he had the right to resist the amount of force exerted by the officers, as being excessive under the circumstances.
According to the majority, Haygood was not entitled to the requested jury instruction because he did not admit to using any force against the officers. Maj. op. at 194 (2). Although Haygood challenged the evidence that he committed felony obstruction as charged by doing violence to Officer R. L. by striking him,[11] he did not deny resisting arrest. There is ample evidence from which the jury could find that Haygood refused the officers’ commands, including commands to “stop resisting arrest,” and struggled with the officers and physically opposed being detained.[12] The cases cited by the majority *199 in which the defendant testified that he or she did not resist arrest, affirmatively rejecting any argument based on the right to resist arrest, are inapposite.[13] The burden of proof, of course, remains always with the State.[14]
Decided July 15, 2016.
Daniel H. Petrey, for appellant.
Robert D. James, Jr., District Attorney, Gerald Mason, Assistan t District Attorney, for appellee.
Contrary to the State’s assertion, it is not manifest that Hay-good’s case as a whole was fairly presented to the jury simply because the trial court charged the jury regarding the State’s burden to prove every essential element of the crimes charged, including the element of intent. The jury instructions did not touch on the issues of the degree of force that an officer may use to effect an arrest or the circumstances under which an arrestee has the right to resist the use of force. For all the foregoing reasons, the trial court abused its discretion in refusing to give the requested charge, and I respectfully dissent to Division 2.[15]
I am authorized to state that Presiding Judge Phipps and Judge Peterson join in this dissent.

 See also Green v. State, 240 Ga. App. 774, 775-776 (1) (525 SE2d 154) (1999) (Where the alleged acts of obstruction of an officer consisted of the defendant’s attempts to resist arrest, and the defendant argued that the arrest was unlawful, the defendant was not asserting the *197 affirmative defense of justification and admitting the essential elements of the crime of obstruction. Instead, the defendant was asserting that the State failed to prove an essential element of the offense, that is, that the officers were acting in the lawful discharge of their official duties by attempting to arrest her.).

 “One upon whom an illegal or unlawful arrest is being made has the right to resist the arrest with such force as is reasonably necessary to prevent the arrest.” Suggested Pattern Jury Instructions, Vol. II: Criminal Cases § 3.16.41 (4th ed. 2007, updated July 2015), citing Brooks v. State, 206 Ga. App. 485 (425 SE2d 911) (1992); Ronemous v. State, 87 Ga. App. 588 (74 SE2d 676) (1953); and Smith v. State, 84 Ga. App. 79 (65 SE2d 709) (1951).

 See maj. op. at 194, quoting Suggested Pattern Jury Instructions, Vol. II: Criminal Cases § 3.16.40, citing Webb v. State, 159 Ga. App. 403 (283 SE2d 636) (1981).

 Long v. State, 261 Ga. App. at 479 (1); Cunningham v. State, 221 Ga. App. 341, 342 (3) (471 SE2d 273) (1996) (finding a charge substantively identical to the Suggested Pattern Jury Instructions, Vol. II: Criminal Cases § 3.16.40, to be legally accurate). See also Mullis v. State, 196 Ga. 569, 577-578 (4) (27 SE2d 91) (1943) (“Even though an officer may have a legal right to make an arrest, still he can use no more force than is reasonably necessary under the circumstances, and cannot use unnecessary violence disproportionate to the resistance offered.”) (citation omitted); Bennett v. State, 169 Ga. App. 85, 86 (1) (311 SE2d 513) (1983) (accord).

 The distinction between the affirmative defense of justification and the right to resist an unlawful arrest was recognized in one of the cases cited in the majority. See Ojemuyiwa v. State, 285 Ga. App. 617, 619-620 (1) (647 SE2d 598) (2007) (holding that, under the circumstances, the *198 affirmative defense of justification was inapplicable); id. at 624 (5) (b) (noting that the defendant raised the defense of justification, and that the defense was inapplicable, and declining to consider her argument that trial counsel should have also requested a jury charge on the law regarding the right to resist an unlawful arrest, because the issue was not raised in the court below and preserved for appellate review). See also Webb v. State, 159 Ga. App. at 403-404 (1).

 “To authorize a jury instruction on a subject, there need only be produced at trial slight evidence supporting the theory of the charge. Whether the evidence presented is sufficient to authorize the giving of a charge is a question of law.” (Citations omitted.) Davis v. State, 269 Ga. 276, 279 (3) (496 SE2d 699) (1998). “Appellate review of the jury charge is de novo.” (Citation omitted.) Jordan v. State, 322 Ga. App. 252, 255 (4) (a) (744 SE2d 447) (2013).

 Count 1 of the indictment charged Haygood with “knowingly and willfully resist [ing], obstmct[ing] or opposing] [R. L.], a law enforcement officer with the Atlanta Police Department, in the lawful discharge of said officer’s official duties by doing violence to said person, by striking said officer.”

 See Long v. State, 261 Ga. App. at 479 (1) (where the evidence showed that the defendant disobeyed an officer’s commands, shouted obscenities, wriggled to get away, and fled, the trial *199 court correctly charged the jury regarding the right to resist an arrest not based on probable cause and to resist an arrest carried out using excessive force).

 Smith v. State, 301 Ga. App. 670, 675 (3) (b) (iii) (688 SE2d 636) (2009) (the defendant testified that he did not strike the officer as charged and that he did not resist arrest); Ojemuyiwa v. State, 285 Ga. App. at 619-620 (1) (the defendant testified that she did not strike and kick the officer as alleged and that she did not otherwise resist arrest); Allen v. State, 237 Ga. App. 744, 745 (3) (516 SE2d 788) (1999) (the defendant testified that he did not kick or hit the officers and denied resisting arrest); Love v. State, 194 Ga. App. 601, 602 (2) (391 SE2d 447) (1990) (the defendants testified that they did not commit any of the alleged obstructionist acts).

 Benjamin v. State, 322 Ga. App. 8, 13 (2) (b) (743 SE2d 566) (2013).

 Chase v. State, 277 Ga. 636, 640 (2) (592 SE2d 656) (2004) (reversal required where jury instructions failed to provide the jury with the proper guidelines for determining guilt or innocence of the charged offense); Carroll v. State, 293 Ga. App. 721, 723 (1) (667 SE2d 708) (2008) (it is essential that the court’s instructions provide the jury with an understanding of the essential elements of the crimes charged in order to determine whether the State has met its burden of proof beyond a reasonable doubt; reversal required where the trial court did not instruct the jury on substantive points or issues involved in the case).